IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD. and HITACHI ADVANCED DIGITAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC.,<br><br>Defendants. | Civil Case No. 2:10-cv-260<br><br><br>JURY |

## COMPLAINT

Plaintiffs Hitachi Consumer Electronics Co., Ltd. and Hitachi Advanced Digital, Inc. (collectively, "Plaintiffs"), by way of this Complaint against Defendants Top Victory Electronics (Taiwan) Co. Ltd., TPV Int'l (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co. Ltd., TPV Electronics (Fujian) Co. Ltd., TPV Technology Ltd., and Vizio, Inc. ("Vizio"), hereby allege as follows:

### NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.

## THE PARTIES

2. Plaintiff Hitachi Consumer Electronics Co. Ltd. ("HCE") is a corporation organized under the laws of Japan with its principal place of business at 2-1, Otemachi 2-chome Chiyoda-ku Tokyo, Japan.

3. Plaintiff Hitachi Advanced Digital, Inc. is a corporation organized under the laws of Japan with its principal place of business at 292, Yoshidacho, Totsuka-Ku, Yokohama, Kanagawa, Japan.

4. On information and belief, Defendant Top Victory Electronics (Taiwan) Co. Ltd. is a corporation organized under the laws of Taiwan with its principal place of business at 10F, No. 230, Liancheng Road, Zhonghe City, Taiwan, Republic of China.

5. On information and belief, Defendant TPV Int'l (USA), Inc. is a corporation organized under the laws of California with its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731, and with a registered agent at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

6. On information and belief, Defendant Envision Peripherals, Inc. is a corporation organized under the laws of California with its principal place of business at 47490 Seabridge Drive, Fremont, California 94538, and with a registered agent at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

7. On information and belief, Defendant Top Victory Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of the People's Republic of China with its principal place of business at Station of Honglu Town, 350301 Fuqing, Fujian, People's Republic of China.

8. On information and belief, Defendant TPV Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of the People's Republic of China with its principal place of business at Shangzheng Village, Yuanhong Road, 350301 Fuqing, Fujian, People's Republic of China.

9. On information and belief, TPV Technology Ltd. is a corporation organized under the laws of Bermuda with its principal place of business at Suite 1023, Ocean Centre, Harbour City, Kowloon, Hong Kong.

10. On information and belief, the companies identified in paragraphs 4-9 above (collectively, "TPV") are an interrelated group of companies that together comprise one of the world's largest manufacturers of televisions.

11. On information and belief, Vizio, Inc. is a corporation organized under the laws of California with its principal place of business at 39 Tesla, Irvine, California 92618, and with a registered agent at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

12. Vizio is a leading seller of televisions in the United States.

## JURISDICTION AND VENUE

13. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. In this lawsuit, Plaintiffs allege infringement of U.S. Patent Nos. 5,502,497, 5,534,934, 6,037,995, 6,388,713, 6,549,243, 7,012,769, 7,286,310, and 6,144,412 (the "Patents-in-Suit"). This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

14. TPV manufactures, assembles, and services televisions and sells and offers those products and services for sale in the United States, including in the State of Texas generally and this judicial district in particular. In addition, TPV has created a well-established distribution chain for its televisions, and that distribution chain delivers those products into the United States, including the State of Texas generally and this judicial district in particular. Furthermore, TPV knows, expects, and intends that by selling televisions designed for use in the U.S. market, some of those products will be sold in the State of Texas, including in this judicial district.

15. Vizio designs and/or specifies televisions for sale and use in the United States, and sells and offers those products and services for sale in the United States, including in the State of Texas generally and this judicial district in particular. Vizio has created a well-established distribution chain for its televisions, and that distribution chain delivers those products into the United States, including the State of Texas generally and this judicial district in particular. Furthermore, Vizio knows, expects, and intends that by selling televisions designed for use in the U.S. market, some of those products will be sold in the State of Texas, including in this judicial district.

16. Defendants have been on notice of the Patents-in-Suit and their infringement of those patents since before this lawsuit was filed.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,502,497

17. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

18. On March 26, 1996, U.S. Patent No. 5,502,497 ("the '497 Patent) entitled TELEVISION BROADCASTING METHOD AND SYSTEM ENABLING PICTURE

BROADCASTING FROM THE TRANSMITTING EQUIPMENT TO THE RECEIVING EQUIPMENT USING ALTERNATIVE BROADCASTING SYSTEM STANDARDS, was duly and legally issued by the United States Patent and Trademark Office.

19.     HCE is the assignee and owner of the right, title, and interest in and to the '497 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future infringement of the patent, and the right to any other remedies for infringement of the patent.

20.     TPV has been infringing and continues to infringe the '497 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '497 Patent.  In addition, TPV has been infringing and continues to infringe the '497 Patent by providing to others certain televisions that embody the inventions claimed in the '497 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  TPV is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

21.     Vizio has been infringing and continues to infringe the '497 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by causing to be made, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '497 Patent.  In addition, Vizio has been infringing and continues to infringe the '497 Patent by providing to others certain televisions that embody the inventions claimed in the

'497 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

22. On information and belief, Defendants have continued to infringe the '497 Patent despite being on notice under 35 U.S.C. § 287 of that patent and their infringement of that patent.

23. On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of HCE's patent rights.

24. HCE has been damaged by Defendants' infringing activities.  On information and belief, Defendants will continue their infringing activities, and thus continue to damage HCE, unless enjoined by this Court.  HCE has no adequate remedy at law.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,534,934

25. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

26. On July 9, 1996, U.S. Patent No. 5,534,934 ("the '934 Patent") entitled TELEVISION RECEIVER CAPABLE OF ENLARGING AND COMPRESSING IMAGE, was duly and legally issued by the United States Patent and Trademark Office.

27. HCE is the assignee and owner of the right, title, and interest in and to the '934 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future  infringement of the patent, and the right to any other remedies for infringement of the patent.

28.     Vizio has been infringing and continues to infringe the '934 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by causing to be made, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '934 Patent.  In addition, Vizio has been infringing and continues to infringe the '934 Patent by providing to others certain televisions that embody the inventions claimed in the '934 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

29.     On information and belief, Vizio has continued to infringe the '934 Patent despite being on notice under 35 U.S.C. § 287 of that patent and its infringement of that patent.

30.     On information and belief, Vizio's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of HCE's patent rights.

31.     HCE has been damaged by Vizio's infringing activities.  On information and belief, Vizio will continue its infringing activities, and thus continue to damage HCE, unless enjoined by this Court.  HCE has no adequate remedy at law.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,037,995

32.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

33. On March 14, 2000, U.S. Patent No. 6,037,995 (the '995 Patent") entitled BROADCASTING AND COMMUNICATION RECEIVER APPARATUS, was duly and legally issued by the United States Patent and Trademark Office.

34. HCE is the assignee and owner of the right, title, and interest in and to the '995 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future infringement of the patent, and the right to any other remedies for infringement of the patent.

35. TPV has been infringing and continues to infringe the '995 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '995 Patent.  In addition, TPV has been infringing and continues to infringe the '995 Patent by providing to others certain televisions that embody the inventions claimed in the '995 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  TPV is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

36. Vizio has been infringing and continues to infringe the '995 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by causing to be made, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '995 Patent.  In addition, Vizio has been infringing and continues to infringe the '995 Patent by providing to others certain televisions that embody the inventions claimed in the

'995 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

37. On information and belief, TPV has continued to infringe the '995 Patent despite being on notice under 35 U.S.C. § 287 of that patent and its infringement of that patent.

38. On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of HCE's patent rights.

39. HCE has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage HCE, unless enjoined by this Court.  HCE has no adequate remedy at law.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,388,713

40. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

41. On January 28, 2003, U.S. Patent No. 6,388,713 ("the '713 Patent"), entitled IMAGE DISPLAY APPARATUS, AND METHOD TO PREVENT OR LIMIT USER ADJUSTMENT OF DISPLAYED IMAGE QUALITY, was duly and legally issued by the United States Patent and Trademark Office.

42. HCE is the assignee and co-owner of the right, title, and interest in and to the '713 Patent, including the right to assert all causes of action arising under said patent, the right to

recover damages for past, present, or future infringement of the patent, and the right to any other remedies for infringement of the patent.

43.     Hitachi Advanced Digital, Inc. is the assignee and co-owner of the right, title, and interest in and to the '713 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

44.     TPV has been infringing and continues to infringe the '713 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '713 Patent. In addition, TPV has been infringing and continues to infringe the '713 Patent by providing to others certain televisions that embody the inventions claimed in the '713 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district. TPV is therefore liable to Plaintiffs under at least 35 U.S.C. §§ 271(a), (b), and (c).

45.     Vizio has been infringing and continues to infringe the '713 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by causing to be made, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '713 Patent. In addition, Vizio has been infringing and continues to infringe the '713 Patent by providing to others certain televisions that embody the inventions claimed in the '713 Patent with the knowledge, expectation, and intention that some of those products will be

sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Vizio is therefore liable to Plaintiffs under at least 35 U.S.C. §§ 271(a), (b), and (c).

46. On information and belief, Defendants have continued to infringe the '713 Patent despite being on notice under 35 U.S.C. § 287 of that patent and their infringement of that patent.

47. On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

48. Plaintiffs have been damaged by TPV's infringing activities.  On information and belief, Defendants will continue their infringing activities, and thus continue to damage Plaintiffs, unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO, 6,549,243

49. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

50. On April 15, 2003, U.S. Patent No. 6,549,243 ("the '243 Patent"), entitled DIGITAL BROADCAST RECEIVER UNIT, was duly and legally issued by the United States Patent and Trademark Office.

51.  HCE is the assignee and owner of the right, title, and interest in and to the '243 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future  infringement of the patent, and the right to any other remedies for infringement of the patent.

52. TPV has been infringing and continues to infringe the '243 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '243 Patent.  In addition, TPV has been infringing and continues to infringe the '243 Patent by providing to others certain televisions that embody the inventions claimed in the '243 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  TPV is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

53. Vizio has been infringing and continues to infringe the '243 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by causing to be made, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '243 Patent.  In addition, Vizio has been infringing and continues to infringe the '243 Patent by providing to others certain televisions that embody the inventions claimed in the '243 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

54. On information and belief, Defendants have continued to infringe the '243 Patent despite being on notice under 35 U.S.C. § 287 of that patent and their infringement of that patent.

55. On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of HCE's patent rights.

56. HCE has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue their infringing activities, and thus continue to damage HCE, unless enjoined by this Court. HCE has no adequate remedy at law.

### COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 7,012,769

57. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

58. On March 14, 2006, U.S. Patent No. 7,012,769 ("the '769 Patent") entitled DIGITAL INFORMATION RECORDING/REPRODUCING APPARATUS, was duly and legally issued by the United States Patent and Trademark Office.

59. HCE is the assignee and owner of the right, title, and interest in and to the '769 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future infringement of the patent, and the right to any other remedies for infringement of the patent.

60. TPV has been infringing and continues to infringe the '769 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '769 Patent. In addition, TPV has been infringing and continues to infringe the '769 Patent by providing to others certain televisions that embody the inventions claimed in the '769 Patent

with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  TPV is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

61. Vizio has been infringing and continues to infringe the '769 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by causing to be made, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '769 Patent.  In addition, Vizio has been infringing and continues to infringe the '769 Patent by providing to others certain televisions that embody the inventions claimed in the '769 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

62. On information and belief, Defendants have continued to infringe the '769 Patent despite being on notice under 35 U.S.C. § 287 of that patent and their infringement of that patent.

63. On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of HCE's patent rights.

64. HCE has been damaged by TPV's infringing activities.  On information and belief, Defendants will continue their infringing activities, and thus continue to damage HCE, unless enjoined by this Court.  HCE has no adequate remedy at law.

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,286,310

65. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth herein.

66. On October 23, 2007, U.S. Patent No. 7,286,310 ("the '310 Patent") entitled APPARATUS FOR RECEIVING COMPRESSED DIGITAL INFORMATION, was duly and legally issued by the United States Patent and Trademark Office.

67. HCE is the assignee and owner of the right, title, and interest in and to the '310 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future infringement of the patent, and the right to any other remedies for infringement of the patent.

68. TPV has been infringing and continues to infringe the '310 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '310 Patent. In addition, TPV has been infringing and continues to infringe the '310 Patent by providing to others certain televisions that embody the inventions claimed in the '310 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district. TPV is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

69. Vizio has been infringing and continues to infringe the '310 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by causing to be made, making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the

inventions claimed in the '310 Patent. In addition, Vizio has been infringing and continues to infringe the '310 Patent by providing to others certain televisions that embody the inventions claimed in the '310 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district. Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

70. On information and belief, Defendants have continued to infringe the '310 Patent despite being on notice under 35 U.S.C. § 287 of that patent and their infringement of that patent.

71. On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of HCE's patent rights.

72. HCE has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue its infringing activities, and thus continue to damage HCE, unless enjoined by this Court. HCE has no adequate remedy at law.

### COUNT VIII –INFRINGEMENT OF U.S. PATENT NO. 6,144,412

73. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if set forth within.

74. On November 7, 2000, United States Letters Patent No. 6,144,412 ("the '412 Patent"), entitled METHOD AND CIRCUIT FOR SIGNAL PROCESSING OF FORMAT CONVERSION OF PICTURE SIGNAL, was duly and legally issued by the United States Patent and Trademark Office.

75. HCE is the assignee and owner of the right, title, and interest in and to the '412 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future infringement of the patent, and the right to any other remedies for infringement of the patent.

76. TPV has been infringing and continues to infringe the '412 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '412 Patent.  In addition, TPV has been infringing and continues to infringe the '412 Patent by providing to others certain televisions that embody the inventions claimed in the '412 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  TPV is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

77. Vizio has been infringing and continues to infringe the '412 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by causing to be made, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain televisions that embody the inventions claimed in the '412 Patent.  In addition, Vizio has been infringing and continues to infringe the '412 Patent by providing to others certain televisions that embody the inventions claimed in the '412 Patent with the knowledge, expectation, and intention that some of those products will be sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district. Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a), (b), and (c).

78. On information and belief, Defendants have continued to infringe the '412 Patent despite being on notice under 35 U.S.C. § 287 of that patent and their infringement of that patent.

79. On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of HCE's patent rights.

80. HCE has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue their infringing activities, and thus continue to damage HCE, unless enjoined by this Court. HCE has no adequate remedy at law.

## JURY DEMAND

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment for themselves and against Defendants TPV and Vizio as follows:

a. That this Court adjudge that Defendant Vizio has infringed each of the '497, '934, '995, '713, '243, '769, '310, and '412 Patents;

b. That this Court adjudge that Vizio's infringement of the '497, '934, '995, '713, '243, '769, '310, and '412 Patents has been willful;

c. That this Court adjudge that Defendant TPV has infringed each of the '497, '995, '713, '243, '769, '310, and '412 Patents;

    d.    That this Court adjudge that TPV's infringement of the '497, '995, '713, '243, '769, '310, and '412 Patents has been willful;

    e.    That this Court issue an injunction, enjoining Defendants Vizio and TPV and their officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of said patents;

    f.    That this Court ascertain and award Plaintiffs damages sufficient to compensate them for the above infringement, including but not limited to infringement occurring before the filing of this lawsuit, and that the damages so ascertained be trebled as appropriate and awarded to Plaintiffs with interest;

    g.    That this Court find this case to be exceptional and award Plaintiffs their attorneys fees, costs, and expenses in this action; and

    h.    That this Court award Plaintiffs such other relief as the Court may deem just and proper.

Dated:  July 22, 2010                      Respectfully submitted,

*/s/ Gretchen S. Sween*
Jeffrey B. Plies -- **LEAD ATTORNEY**
jeffrey.plies@dechert.com
George W. Webb III
george.webb@dechert.com
Gretchen S. Sween
gretchen.sween@dechert.com
DECHERT LLP
300 W. 6th Street
Suite 2010
Austin, TX 78701
(512) 394-3000

*Attorneys for Plaintiffs Hitachi Consumer Electronic, Inc. and Hitachi Advanced Digital, Inc.*