**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., ET AL., | |
| Plaintiffs, | CIVIL ACTION NO. 2:10-CV-260-TJW |
| v. | Judge: Hon. T. John Ward |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., ET AL., | **JURY TRIAL DEMANDED** |
| Defendants. | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., ET AL., | |
| Counterclaim-Plaintiffs, | |
| v. | |
| HITACHI CONSUMER ELECTRONICS CO., LTD., ET AL., | |
| Counterclaim-Defendants. | |

**TPV DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants TPV International (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Taiwan) Co., Ltd.; Top Victory Electronics (Fujian) Co., Ltd.; TPV Electronics (Fujian) Co., Ltd.; and TPV Technology, Ltd. (collectively, "the TPV Defendants") state for their Answer to the Complaint filed by Hitachi Consumer Electronics Co., Ltd. and Hitachi Advanced Digital, Inc. ("Plaintiffs") as follows:

**ANSWER**

1.     The TPV Defendants admit that the Complaint purports to allege claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*

2.      The TPV Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis deny them.

3.      The TPV Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis deny them.

4.      The TPV Defendants admit that Top Victory Electronics (Taiwan) Co., Ltd. is a corporation organized under the laws of Taiwan, and that it maintains its principal place of business at 10F, No. 230, Liancheng Road, Zhounghe City, Taipei County, Taiwan. TPV Defendants deny any remaining allegations.

5.      The TPV Defendants admit that TPV International (USA), Inc. is a corporation organized under the laws of the State of California, that it maintains its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731, and that it has a registered agent at 350 North St. Paul Street, Dallas, Texas 75201.  TPV Defendants deny any remaining allegations.

6.      The TPV Defendants admit that Envision Peripherals, Inc. is a corporation organized under the laws of California, that it maintains its principal place of business at 47490 Seabridge Drive, Fremont, California 94538, and that it has a registered agent at 350 North St. Paul Street, Dallas, Texas 75201.  TPV Defendants deny any remaining allegations.

7.      The TPV Defendants admit that Top Victory Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, and that it maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.  TPV Defendants deny any remaining allegations.

8.      The TPV Defendants admit that TPV Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, and that it maintains its principal place of

business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.  TPV Defendants deny any remaining allegations.

9.      The TPV Defendants admit that TPV Technology, Ltd is a corporation organized under the laws of Bermuda, and that it maintains its principal place of business at Suite 1023, Ocean Centre, Harbour City, Kowloon, Hong Kong.  TPV Defendants deny any remaining allegations.

10.      The TPV Defendants deny each and every allegation of paragraph 10, except the TPV Defendants admit that the entities collectively referred to in the Complaint as "TPV" have certain business and/or corporate relationships among them.

11.      The TPV Defendants state that the allegations of paragraph 11 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

12.      The TPV Defendants state that the allegations of paragraph 12 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

13.      The TPV Defendants admit that the Complaint purports to assert claims for patent infringement arising under Title 35 of the United States Code.  The TPV Defendants admit that subject matter jurisdiction in this Court, and venue in this District, purport to be based upon the statutes cited.  The TPV Defendants admit that the Complaint alleges infringement of U.S. Patent Nos. 5,502,497, 5,534,934, 6,037,995, 6,388,713, 6,549,243, 7,012,769, 7,286,310, and 6,144,412 ("Patents-in-Suit").  The TPV Defendants deny any remaining allegations.

14.      The TPV Defendants admit that one or more of them manufactures televisions. The TPV Defendants deny each and every remaining allegation set forth in paragraph 14.

15.      The TPV Defendants state that the allegations of paragraph 15 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

16.     The TPV Defendants admit that they were aware of the existence of the U.S. Patent Nos. 5,502,497, 5,534,934, 6,037,995, 6,388,713, 6,549,243, 7,012,769, and 7,286,310 on or about August 23, 2009.  The TPV Defendants deny that they were aware of the existence of U.S. Patent No. 6,144,412 before the filing of this lawsuit.  The TPV Defendants deny that they have infringed or are infringing any claim of the Patents-in-Suit.  The TPV Defendants deny any remaining allegations.

**COUNT I -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,052,497**

17.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

18.     The TPV Defendants admit that U.S. Patent No. 5,052,497 ("the '497 Patent") is entitled "TELEVISION BROADCASTING METHOD AND SYSTEM ENABLING PICTURE BROADCASTING FROM THE TRANSMITTING EQUIPMENT TO THE RECEIVING EQUIPMENT USING ALTERNATIVE BROADCASTING SYSTEM STANDARDS," and that the '497 Patent bears an issuance date of March 26, 1996.  The TPV Defendants deny any remaining allegations in paragraph 18, and specifically deny that the '497 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO").

19.     The TPV Defendants deny the allegations of paragraph 19.

20.     The TPV Defendants deny each and every allegation set forth in paragraph 20, and specifically deny that they have infringed or are infringing any claim of the '497 Patent.

21.     The TPV Defendants state that the allegations of paragraph 21 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

22.     The TPV Defendants deny each and every allegation set forth in paragraph 22, and specifically deny that they have infringed or are infringing any claim of the '497 Patent.

23.     The TPV Defendants deny each and every allegation set forth in paragraph 23, and specifically deny that they have infringed or are infringing any claim of the '497 Patent.

24.     The TPV Defendants deny each and every allegation set forth in paragraph 24, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

## COUNT II -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,534,934

25.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

26.     The TPV Defendants admit that U.S. Patent No. 5,534,934 ("the '934 Patent") is entitled "TELEVISION RECEIVER CAPABLE OF ENLARGING AND COMPRESSING IMAGE," and that the '934 Patent bears an issuance date of July 9, 1996.  The TPV Defendants deny the remaining allegations in paragraph 26, and specifically deny that the '934 Patent was duly and legally issued by the USPTO.

27.     The TPV Defendants deny the allegations of paragraph 27.

28.     The TPV Defendants state that the allegations of paragraph 28 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

29.     The TPV Defendants state that the allegations of paragraph 29 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

30.     The TPV Defendants state that the allegations of paragraph 30 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

31.     The TPV Defendants state that the allegations of paragraph 31 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

## COUNT III -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,037,995

32.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

33.     The TPV Defendants admit that U.S. Patent No. 6,037,995 ("the '995 Patent") is entitled "BROADCASTING AND COMMUNICATION RECEIVER APPARATUS," and that the '995 Patent bears an issuance date of March 14, 2000.  The TPV Defendants deny the remaining allegations in paragraph 33 and specifically deny that the '995 Patent was duly and legally issued by the USPTO.

34.     The TPV Defendants deny the allegations of paragraph 34.

35.     The TPV Defendants deny each and every allegation set forth in paragraph 35, and specifically deny that they have infringed or are infringing any claim of the '995 Patent.

36.     The TPV Defendants state that the allegations of paragraph 36 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

37.     The TPV Defendants deny each and every allegation set forth in paragraph 37, and specifically deny that they have infringed or are infringing any claim of the '995 Patent.

38.     The TPV Defendants deny each and every allegation set forth in paragraph 38, and specifically deny that they have infringed or are infringing any claim of the '995 Patent.

39.     The TPV Defendants deny each and every allegation set forth in paragraph 39, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of TPV Defendants.

## COUNT IV -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,388,713

40.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

6

41.     TPV Defendants admit that U.S. Patent No. 6,388,713 ("the '713 Patent") is entitled "IMAGE DISPLAY APPARATUS, AND METHOD TO PREVENT OR LIMIT USER ADJUSTMENT OF DISPLAYED IMAGE QUALITY," and that the '713 Patent bears an issuance date of January 28, 2003.  TPV Defendants deny any remaining allegations in paragraph 41, and specifically deny that the '713 Patent was duly and legally issued by the USPTO.

42.     The TPV Defendants deny the allegations of paragraph 42.

43.     The TPV Defendants deny the allegations of paragraph 43.

44.     The TPV Defendants deny each and every allegation set forth in paragraph 44, and specifically deny that they have infringed or are infringing any claim of the '713 Patent.

45.     The TPV Defendants state that the allegations of paragraph 45 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

46.     The TPV Defendants deny each and every allegation set forth in paragraph 46, and specifically deny that they have infringed or are infringing any claim of the '713 Patent.

47.     The TPV Defendants deny each and every allegation set forth in paragraph 47, and specifically deny that they have infringed or are infringing any claim of the '713 Patent.

48.     The TPV Defendants deny each and every allegation set forth in paragraph 48, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of TPV Defendants.

## COUNT V -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,549,243

49.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

50.     The TPV Defendants admit that U.S. Patent No. 6,549,243 ("the '243 Patent") is entitled "DIGITAL BROADCAST RECEIVER UNIT," and that the '243 Patent bears an issuance date of April 15, 2003.  The TPV Defendants deny any remaining allegations in

paragraph 50, and specifically deny that the '243 Patent was duly and legally issued by the USPTO.

51.     The TPV Defendants deny the allegations of paragraph 51.

52.     The TPV Defendants deny each and every allegation set forth in paragraph 52, and specifically deny that they have infringed or are infringing any claim of the '243 Patent.

53.     The TPV Defendants state that the allegations of paragraph 53 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

54.     The TPV Defendants deny each and every allegation set forth in paragraph 54, and specifically deny that they have infringed or are infringing any claim of the '243 Patent.

55.     The TPV Defendants deny each and every allegation set forth in paragraph 55, and specifically deny that they have infringed or are infringing any claim of the '243 Patent.

56.     TPV Defendants deny each and every allegation set forth in paragraph 56, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

## COUNT VI -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,012,769

57.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

58.     The TPV Defendants admit that U.S. Patent No. 7,012,769 ("the '769 Patent") is entitled "DIGITAL INFORMATION RECORDING/REPRODUCING APPARATUS," and that the '769 Patent bears an issuance date of March 14, 2006.  The TPV Defendants deny any remaining allegations in paragraph 58, and specifically deny that the '769 Patent was duly and legally issued by the USPTO.

59.     The TPV Defendants deny the allegations of paragraph 59.

60.     The TPV Defendants deny each and every allegation set forth in paragraph 60, and specifically deny that they have infringed or are infringing any claim of the '769 Patent.

61.     The TPV Defendants state that the allegations of paragraph 61 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

62.     The TPV Defendants deny each and every allegation set forth in paragraph 62, and specifically deny that they have infringed or are infringing any claim of the '769 Patent.

63.     The TPV Defendants deny each and every allegation set forth in paragraph 63, and specifically deny that they have infringed or are infringing any claim of the '769 Patent.

64.     The TPV Defendants deny each and every allegation set forth in paragraph 64, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of TPV Defendants.

## COUNT VII -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,286,310

65.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

66.     The TPV Defendants admit that U.S. Patent No. 7,286,310 ("the '310 Patent") is entitled "APPARATUS FOR RECEIVING COMPRESSED DIGITAL INFORMATION," and that the '310 Patent bears an issuance date of October 23, 2007.  The TPV Defendants deny the remaining allegations in paragraph 66, and specifically deny that the '310 Patent was duly and legally issued by the USPTO.

67.     The TPV Defendants deny the allegations of paragraph 67.

68.     TPV Defendants deny each and every allegation set forth in paragraph 68, and specifically deny that they have infringed or are infringing any claim of the '310 Patent.

69.     TPV Defendants state that the allegations of paragraph 69 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

70.     The TPV Defendants deny each and every allegation set forth in paragraph 70, and specifically deny that they have infringed or are infringing any claim of the '310 Patent.

71.     The TPV Defendants deny each and every allegation set forth in paragraph 71, and specifically deny that they have infringed or are infringing any claim of the '310 Patent.

72.     The TPV Defendants deny each and every allegation set forth in paragraph 72, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

## COUNT VIII -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,144,412

73.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

74.     The TPV Defendants admit that U.S. Patent No. 6,144,412 ("the '412 Patent") is entitled "METHOD AND CIRCUIT FOR SIGNAL PROCESSING OF FORMAT CONVERSION OF PICTURE SIGNAL," and that the '412 Patent bears an issuance date of November 7, 2000.  The TPV Defendants deny any remaining allegations in paragraph 74, and specifically deny that the '412 Patent was duly and legally issued by the USPTO.

75.     The TPV Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 75, and on that basis deny them.

76.     The TPV Defendants deny each and every allegation set forth in paragraph 76, and specifically deny that they have infringed or are infringing any claim of the '412 Patent.

77.     The TPV Defendants state that the allegations of paragraph 77 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

78.     The TPV Defendants deny each and every allegation set forth in paragraph 78, and specifically deny that they have infringed or are infringing any claim of the '412 Patent.

79.     The TPV Defendants deny each and every allegation set forth in paragraph 79, and specifically deny that they have infringed or are infringing any claim of the '412 Patent.

80.     The TPV Defendants deny each and every allegation set forth in paragraph 80, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

81.     This paragraph sets forth Plaintiffs' request for a jury trial to which no response is required.

## PLAINTIFFS' PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiffs to which no response is required.   The TPV Defendants deny that Plaintiffs are entitled to any of the requested relief and deny all allegations contained in the prayer for relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, the TPV Defendants plead the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

82.     Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

83.     The TPV Defendants have not engaged in any acts that would constitute infringement of, contributory infringement of, or inducement to infringe, any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

84.     The claims of each of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.

## FOURTH AFFIRMATIVE DEFENSE

85.     Plaintiffs' claims against the TPV Defendants are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

86.     Plaintiffs' claims are barred in whole or in part under the equitable doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

87.     Plaintiffs' claims for relief are barred, in whole or in part, by a failure to provide adequate notice under 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

88.     Plaintiffs may not recover money damages for any infringement committed more than six years prior to the filing of Plaintiffs' Complaint under 35 U.S.C. § 286.

## RESERVATION OF ADDITIONAL DEFENSES

The TPV Defendants reserve the right to assert additional defenses that may be developed through discovery in this action.

## COUNTERCLAIMS

As and for its counterclaims herein, Counterclaim-Plaintiffs TPV International (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Taiwan) Co., Ltd.; Top Victory Electronics (Fujian) Co., Ltd.; TPV Electronics (Fujian) Co., Ltd.; and TPV Technology, Ltd. (collectively "TPV") hereby allege against Counterclaim-Defendants Hitachi Consumer Electronics Co., Ltd. and Hitachi Advanced Digital, Inc. (collectively "Hitachi") as follows:

## THE PARTIES

89.     Top Victory Electronics (Taiwan) Co., Ltd. is a corporation organized under the laws of Taiwan and maintains its principal place of business at 10F, No. 230, Liancheng Road, Zhounghe City, Taipei County, Taiwan.

90.     TPV International (USA), Inc. is a corporation organized under the laws of the State of California and maintains its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731.

91.     Envision Peripherals, Inc. is a corporation organized under the laws of California and maintains its principal place of business at 47490 Seabridge Drive, Fremont, California 94538.

92.     Top Victory Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China and maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.

93.     TPV Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, and maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.

94.     TPV Technology, Ltd is a corporation organized under the laws of Bermuda and maintains its principal place of business at Suite 1023, Ocean Centre, Harbour City, Kowloon, Hong Kong.

95.     TPV is informed and believes, and thereupon alleges that Hitachi Consumer Electronics Co. Ltd. is a corporation organized under the laws of Japan with its principal place of business at 2-1, Otemachi 2-chome Chiyoda-ku, Tokyo Japan.

96.     TPV is informed and believes, and thereupon alleges that Hitachi Advanced Digital, Inc. is a corporation organized under the laws of Japan with its principal place of business at 292, Yoshidacho, Totsuka-Ku, Yokohama, Kanagawa, Japan.

## JURISDICTION AND VENUE

97.     These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States 35 U.S.C. § 1 *et seq.*

98.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 in combination with 28 U.S.C. §§ 2201 and 2202.   An actual controversy exists under the Declaratory Judgment Act because Hitachi has asserted and is asserting infringement of the Patents-in-Suit by TPV and TPV denies those assertions.

99.     By filing its Complaint, Hitachi has consented to the personal jurisdiction of this Court.

100.    To the extent this action remains in this judicial district, venue is appropriate because Hitachi consented to this venue by filing its Complaint here, and the present counterclaims are in response to the allegations contained in the Complaint.

## COUNT I -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '497 PATENT

101.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

102.     An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '497 Patent, as Hitachi contends, or does not do so, as TPV contends.

103.     TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '497 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '497 Patent.

## COUNT II -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '497 PATENT

104.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

105.     An actual controversy exists between TPV and Hitachi as to whether the '497 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

106.     TPV hereby seeks a judicial declaration that the claims of the '497 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '497 Patent.

## COUNT III -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '995 PATENT

107.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

108.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '995 Patent, as Hitachi contends, or does not do so, as TPV contends.

109.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '995 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '934 Patent.

## COUNT IV -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '995 PATENT

110.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

111.    An actual controversy exists between TPV and Hitachi as to whether the '995 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

112.    TPV hereby seeks a judicial declaration that the claims of the '995 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '995 Patent.

## COUNT V -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '713 PATENT

113.   TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

114.   An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '713 Patent, as Hitachi contends, or does not do so, as TPV contends.

115.   TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '713 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '713 Patent.

## COUNT VI -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '713 PATENT

116.   TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

117.   An actual controversy exists between TPV and Hitachi as to whether the '713 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

118.   TPV hereby seeks a judicial declaration that the claims of the '713 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '713 Patent.

## COUNT VII -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '243 PATENT

119.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

120.     An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '243 Patent, as Hitachi contends, or does not do so, as TPV contends.

121.     TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '243 Patent.   A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '243 Patent.

## COUNT VIII -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '243 PATENT

122.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

123.     An actual controversy exists between TPV and Hitachi as to whether the '243 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

124.     TPV hereby seeks a judicial declaration that the claims of the '243 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.   A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '243 Patent.

## COUNT IX -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '769 PATENT

125.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

126.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '769 Patent, as Hitachi contends, or does not do so, as TPV contends.

127.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '769 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '769 Patent.

## COUNT X -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '769 PATENT

128.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

129.    An actual controversy exists between TPV and Hitachi as to whether the '769 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

130.    TPV hereby seeks a judicial declaration that the claims of the '769 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '769 Patent.

## COUNT XI -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '310 PATENT

131.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

132.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '310 Patent, as Hitachi contends, or does not do so, as TPV contends.

133.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '310 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '310 Patent.

## COUNT XII -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '310 PATENT

134.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

135.    An actual controversy exists between TPV and Hitachi as to whether the '310 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

136.    TPV hereby seeks a judicial declaration that the claims of the '310 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '310 Patent.

## COUNT XIII -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '412 PATENT

137.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

138.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '412 Patent, as Hitachi contends, or does not do so, as TPV contends.

139.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '412 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '412 Patent.

## COUNT XIV -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '412 PATENT

140.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

141.    An actual controversy exists between TPV and Hitachi as to whether the '412 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

142.    TPV hereby seeks a judicial declaration that the claims of the '412 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '412 Patent.

## DEMAND FOR JURY TRIAL

143.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TPV demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Defendants and Counterclaim-Plaintiffs TPV International (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Taiwan) Co., Ltd.; Top Victory Electronics (Fujian) Co., Ltd.; TPV Electronics (Fujian) Co., Ltd.; and TPV Technology, Ltd. request the following relief:

1.    A judgment in favor of the TPV Defendants denying the Plaintiffs all relief requested in this action and dismissing Plaintiffs' Complaint for patent infringement with prejudice;

2.    A judgment declaring that each claim of the '497, '995, '713, '243, '769, '310, and '412 Patents are invalid;

3.    A judgment declaring that the TPV Defendants have not infringed and are not infringing and have not induced infringement and are not inducing infringement of any valid and enforceable claim of the '497, '995, '713, '243, '769, '310,  and '412 Patents;

4.    A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding the TPV Defendants their costs, expenses, and reasonable attorneys fees; and

5.    That the Court award the TPV Defendants such other and further relief to which they may be entitled.

Dated: November 29, 2010

By: /s/ Brian M. Berliner


Mark A. Samuels (*Pro Hac Vice*) - *Lead Counsel*
Brian M. Berliner (*Pro Hac Vice*)
Nicholas J. Whilt (*Pro Hac Vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Michael Myers (*Pro Hac Vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
Telephone:  (949) 760-9600
Facsimile:   (949) 823-6994

Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
William J. Cornelius, Jr.
Texas Bar No. 04834700
wc@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile:  (903) 509-5092

Attorneys for Defendants and Counterclaim-
Plaintiffs Top Victory Electronics (Taiwan) Co.,
Ltd., TPV International (USA), Inc., Envision
Peripherals, Inc., Top Victory Electronics
(Fujian) Co., Ltd., TPV Electronics (Fujian)
Co., Ltd., and TPV Technology, Ltd.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this 29th day of November, 2010.

*/s/* Michael L. Myers