**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC. | |
| | CIVIL ACTION NO. 2:10-CV-260-JRG |
| Plaintiff, | |
| v. | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC., | **JURY** |
| | **AGREED PROTECTIVE ORDER** |
| Defendants; | |
| and | |
| VIZIO, INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| HITACHI, LTD., HITACHI CONSUMER ELECTRONICS CO., LTD., HITACHI ADVANCED DIGITAL, INC., HITACHI AMERICA, LTD., and HITACHI HOME ELECTRONICS (AMERICA), INC. | |
| Counterclaim-Defendants, | |

**PAGE 1**

## I. INTRODUCTION

WHEREAS pretrial discovery in this action involving Plaintiffs and Counterclaim-Defendants Hitachi Consumer Electronics Co., Ltd., Hitachi Advanced Digital, Inc., Hitachi, Ltd., Hitachi America, Ltd., and Hitachi Home Electronics (America), Inc. ("Hitachi") and Defendants Top Victory Electronics (Taiwan) Co., Ltd., TPV Int'l (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics (Fujian) Co., Ltd., Envision Peripherals, Inc., TPV Technology Ltd., and Vizio, Inc. (collectively, "Defendants") shall necessarily involve the disclosure of proprietary and/or confidential trade secrets, research, development, commercial information, or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure of the parties and of non-parties from whom discovery may be sought;

WHEREAS the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harm to the producing party;

WHEREAS, the parties believe that good cause exists for the entry of this Protective Order, which is narrowly tailored to protect the aforementioned confidential information of the parties; and

WHEREAS Hitachi and Defendants stipulate pursuant to Federal Rule of Civil Procedure 26(c)—subject to the Court's approval—to the following Protective Order:

## II. SCOPE

1. This Protective Order shall govern any information, document, deposition testimony, written discovery responses, disclosures, pleadings, exhibits, other information exchanged by the parties, or things produced in this case pursuant to required disclosures under any federal rule, Eastern District of Texas local rule, and any supplementary disclosures thereto.

2. This Protective Order shall apply to the parties and any non-party from whom discovery is sought and who desires the protection of this Protective Order.

3. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

4. Nothing in this Protective Order is intended to alter the discovery provisions of the Local Rules of the Eastern District of Texas or any Discovery Order issued by the Court. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege, work-product immunity, joint defense privilege and/or other immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

5. Nothing in this Protective Order shall preclude any party to this action or their attorneys from (i) showing a document designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, before this action was filed, or; (ii) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself designates as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

6. Nothing herein shall prevent outside counsel from fully advising their client with respect to litigation or settlement strategy, provided the specific substance of any Designated Information (defined below) is not revealed.

## III. DEFINITIONS

7. The term "Produced Information" shall mean and include any document, portions of documents, testimony, information, tangible things, or other discovery items, including answers to interrogatories, responses to requests to produce documents or other things, responses to requests for admissions, depositions, and transcripts of depositions that are furnished by any party (including third parties). Produced Information shall further include all copies, extracts, summaries, compilations and/or portions of Produced Information, and any notes, technical or financial information derived therefrom.

8. The term "Designated Information" shall mean and include any Produced Information that (a) contains information which has not been made public and the disclosure of which would cause harm to the business operations of the producing party and/or provide an improper advantage to others, including but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act and (b) has been marked by the producing party as described in Section IV. Designated Information shall further include all copies, extracts, summaries, compilations and/or portions of Designated Information, and any notes, technical or financial information derived therefrom.

9. The term "Documents" shall mean all materials within the scope of Federal Rule of Civil Procedure 34.

## IV. SPECIFIC PROVISIONS

10. **USE OF DESIGNATED MATERIAL GENERALLY**. All Designated Information shall be used solely for the purposes of preparation, trial and appeal of this litigation, or any party negotiations relating to this litigation, and for no other purpose, absent further order of the Court or written consent of the producing party. However, nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things or information that are in the public domain.

11. **MATERIAL MARKED AS "CONFIDENTIAL."** Any Designated Information provided by any party that the party contends in good faith contains confidential information entitled to protection under Federal Rule of Civil Procedure 26(c)(7), may be marked as "CONFIDENTIAL" and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such Designated Information shall be received by counsel of record for the party upon the terms and conditions of this Protective Order.

12. **MATERIAL MARKED AS "ATTORNEYS' EYES ONLY**." The following types of Designated Information may be marked as "ATTORNEYS' EYES ONLY":

(a) The names or other information tending to reveal a party's suppliers, present or prospective customers, or distributors;

(b) Financial information of a party, including, but not limited to, identifying the number of products sold, total dollar value of sales products, and profit margins for products;

(c) Confidential marketing plans and research, including research regarding competitors;

(d) Information constituting product specifications and/or regarding the technology used to make the party's products;

(e) Technical notebooks and technical reports of a party, including schematic diagrams, technical reference manuals, operations manuals, or other like information;

(f) Information relating to pending patent applications;

(g) Information related to license agreements and/or negotiations; and

(h) Any other sensitive, internal information whose disclosure to third parties could cause the producing party serious harm and/or place that party at a competitive disadvantage.

13. **MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL - SOURCE CODE**." Each party shall have the right to designate any computer source code, including but not limited to, source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, linker files, browse info files, and debug files, microcode, RTL, HDL or other hardware description language documents as "HIGHLY CONFIDENTIAL - SOURCE CODE." This designation will not apply to executable code in a form that is intended for distribution to the public.

14. A producing party shall use reasonable care to avoid marking any Designated Information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY

**PAGE 4**

CONFIDENTIAL - SOURCE CODE" that is not entitled to such designation or that is generally available to the public. The parties agree to designate information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's or the public's access to information concerning this litigation. Disputes regarding whether material is properly designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be resolved in accordance with Paragraph 30.

15. **PROCEDURE FOR MARKING MATERIAL**. Documents or tangible items shall be marked in accordance with this Protective Order in the following ways:

(a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

(b) In the case of interrogatory answers and the information contained therein, designation shall be made by placing the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" directly before any answer containing the information being designated pursuant to this Protective Order.

(c) In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" if practicable or, if not practicable, by placing such marking visibly on a package or container for the item.

(d) In the case of a CD-ROM produced according to Paragraph 17(a), designation shall be made by visibly marking the CD-ROM as "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

16. **DESIGNATING DEPOSITION TESTIMONY**. If, during the course of any deposition, or within fourteen (14) days after receipt of a written transcript of such deposition, counsel for any producing party asserts (either on the record at the deposition or in writing after the deposition) that the transcript or any portion thereof is subject to designation as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" then that transcript, or the identified portion thereof, shall be treated as

**PAGE 5**

provided by this Protective Order. Until the designation period has elapsed for a given transcript, that transcript shall be treated as "ATTORNEYS' EYES ONLY" information. Counsel for any producing party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE"—other than the deponent, deponent's counsel, questioning counsel, reporter, and videographer. Such right of exclusion shall be applicable only during periods of examination and testimony directed to or comprising "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" information. In such situations when information contained or incorporated in a deposition transcript is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" arrangements shall be made with the court reporter by the party making the designation to label the relevant pages appropriately.

17. **SPECIAL HANDLING OF MATERIALS DESIGNATED "HIGHLY CONFIDENTIAL - SOURCE CODE."** Materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be produced in one of two ways as set forth below in subsections (a) and (b), at the election of the producing party:

(a) The producing party shall provide any materials designated "HIGHLY CONFIDENTIAL - SOURCE CODE" on CD-ROM (or on such other format as may be necessary and agreed to by the receiving party).

(i) One copy of the CD-ROM shall be produced to the receiving party's trial counsel, and kept at the offices of trial counsel, maintained in a locked cabinet or the like. Counsel of record receiving materials designated "HIGHLY CONFIDENTIAL - SOURCE CODE" may load the materials onto a stand-alone, non-networked, password protected computer, which shall not be connected to any peripheral device other than a monitor, keyboard, printer, and mouse ("Stand-Alone Computer"). While in use, the Stand-Alone Computer and such designated materials shall not be left unattended by a reviewing party. When not in use, the Stand-Alone Computer shall be stored securely in a locked cabinet or room. Should the CD-ROM become damaged, the producing party shall exchange the damaged CD-ROM for an undamaged CD-ROM.

(ii) The source code will be stored in its native form and in its native directory structure as the source code is organized and kept in the ordinary course of business.

(iii) The receiving Party shall not print more than one hundred (100) consecutive pages and no more than five hundred (500) pages in total of the producing Party's source code, without prior written approval by the producing Party, such approval to be granted or denied within three (3) business days of the receiving Party's request and such approval not to be unreasonably requested or

**PAGE 6**

withheld.  Any printouts shall be clearly marked "HIGHLY CONFIDENTIAL - SOURCE CODE."

(iv)  The receiving Party shall produce to the Producing party a copy of all source code that has been printed.

(v) Except as otherwise provided, a total of five (5) photocopies of the original printouts may be made unless the Parties mutually agree to a different number.  Any photocopies shall be kept in a secured, locked area in the office of the receiving Party's outside counsel, and/or the office of the outside consultants or experts designated by the receiving Party, upon further identifying to the producing Party for prior approval the location where the experts or consultants will store the photocopies.

(vi) Any printed pages of source code may not be photocopied, digitally imaged or otherwise duplicated, other than as allowed above.  Under no circumstances is source code to be copied or transmitted in electronic form without the prior written authorization of the producing Party.

(b) Alternatively, the producing party shall provide for inspection materials designated "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic form (unless no electronic version is available to the producing party) at (1) their national or local counsel's office in Texas; (2) another suitable office in Texas; or (3) another mutually agreed upon location.

(i) The source code will be stored in its native form and in its native directory structure as the source code is organized and kept in the ordinary course of business.

(ii) No paper printouts shall be made of source code except for: (i) portions necessary for use in and preparation for this case, including but not limited to when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other Party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts; and (ii) such other uses to which the Parties may agree or the Court may order.

(iii) The producing Party will provide pre-labeled paper with the proper Bates labeling and the "HIGHLY CONFIDENTIAL - SOURCE CODE," confidentiality designation.  The receiving Party shall be permitted to make printouts from the stand-alone computer on an attached printer. The receiving Party shall maintain a log of all such files that are printed.  The log must identify any person who has had access to the source code and must be provided to the producing Party within three (3) business days of any such request.

(iv) The receiving Party shall not print more than one hundred (100) consecutive pages and no more than five hundred (500) pages in total of the producing Party's source

**PAGE 7**

code, without prior written approval by the producing Party, such approval to be granted or denied within three (3) business days of the receiving Party's request and such approval not to be unreasonably requested or withheld.  The receiving Party shall make one copy of the original printouts on site for its use in this case.  The producing Party will maintain the original printouts.

(v) Except as otherwise provided, a total of five (5) photocopies of the original printouts may be made unless the Parties mutually agree to a different number.  Any photocopies shall be kept in a secured, locked area in the office of the receiving Party's outside counsel, and/or the office of the outside consultants or experts designated by the receiving Party, upon further identifying to the producing Party for prior approval the location where the experts or consultants will store the photocopies.

(vi) Any printed pages of source code may not be photocopied, digitally imaged or otherwise duplicated, other than as allowed above.  Under no circumstances is source code to be copied or transmitted in electronic form without the prior written authorization of the producing Party.

18. **LIMITING DISCLOSURE OF AND ACCESS TO DESIGNATED INFORMATION**. With respect to all Designated Information marked as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" by the producing party, such information shall be kept confidential and shall not be disclosed to any person not authorized to receive the information under the terms of this Protective Order.

(a) Unless by further order of this Court or by subsequent written agreement of the producing party, access to a Stand-Alone Computer containing materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be restricted to: (i) outside counsel for the parties and associated attorneys, paralegals, and support staff assisting such counsel; and (ii) consultants and experts who have been specifically retained by any of the parties to consult or testify in this case, who have signed an Agreement of Confidentiality (Exhibit A) and who have been disclosed pursuant to Paragraph 20; and (iii) employees and corporate representatives of the producing party; and (iv) Judges, Magistrate Judges, law clerks, court reporters, jurors, and clerical personnel of the Court before which this action is pending.

(b) Unless by further order of this Court or by subsequent written agreement of the producing party, Designated Information labeled "ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) outside counsel for the parties and associated attorneys, paralegals, and support staff assisting such counsel;

(ii) Judges, Magistrate Judges, law clerks, court reporters, and clerical personnel of the Court before which this action is pending;

**PAGE 8**

(iii) consultants and experts who have been specifically retained by any of the parties to consult or testify in this case and who have signed an Agreement of Confidentiality (Exhibit A) and who have been disclosed pursuant to Paragraph 20;

(iv) court reporters and videographers retained by any party to record and/or transcribe a deposition in the case;

(v) third-party contractors and their employees involved solely in document management services for this litigation;

(vi) employees, officers, and directors of the party producing the documents or information;

(vii) authors, drafters, or addressees of the documents or information;

(viii) persons who have previously received the documents or information, directly or indirectly, from the producing party;

(ix) any party witness (e.g., 30(b)(6) witnesses) of the producing party;

(x) mock jurors and jury consultants in accordance with the provisions of Paragraph 40; and

(xi) any person for whom prior authorization is obtained from the producing party or the Court.

(c) Unless by further order of this Court or by subsequent written agreement of the producing party, Designated Information labeled "CONFIDENTIAL" shall be disclosed only to (i) the foregoing persons listed in subsection (b), and (ii) no more than three officers, directors, or managers of the non-producing party who have signed the Agreement of Confidentiality (Exhibit A).

(d) With respect to subparagraph (b)(viii) above, a non-producing party may rely on documents produced by the producing party, interrogatory responses, and the testimony of the producing party's witnesses and employees to establish that a given document or information was previously received by a particular person.

19. **FILING DESIGNATED INFORMATION**. Any Designated Information, if submitted to the Court by a non-producing party, shall be filed under seal pursuant to the Court's Local Rules. Other filings, such as pleadings, motions, declarations, affidavits, etc., shall also be filed under seal pursuant to the Court's Local Rules if they quote or excerpt Designated Information.

20. **DISCLOSURE TO CONSULTANTS OR EXPERTS**. If any party desires to disclose Designated Information to any expert or consultant, the party's counsel must first give counsel for the producing party written notice as to each such expert or consultant. Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae identifying at least all other employments, clients, consultant positions within the last five (5) year, a list of the cases in which the expert or consultant has testified at a deposition or trial as per Federal Rule of Civil Procedure 26(a)(2)(B), and a signed Agreement of Confidentiality (Exhibit A).

(a) Counsel for the producing party shall have five (5) business days from receipt of such notice to object to disclosure of such information as to any of the experts or consultants so identified.

(b) Any objections to the disclosure shall be submitted in writing and be accompanied by reasonable explanations regarding the basis for the objection and why an agreement to be bound by the dictates of this Protective Order will not provide the producing party with sufficient comfort to permit the disclosure.

(c) If no objection is made to such consultant or expert receiving Designated Information within such five (5) day period, then the Designated Information may be disclosed to such consultant or expert.

(d) After satisfying the Court's meet and confer requirements, and within ten (10) calendar days after receiving the written objection, the objecting party may move the Court to rule as to whether the Designated Information may be disclosed to such consultant or expert. In such instances, disclosure of the Designated Information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

21. **LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**. Nothing herein shall prevent the disclosure of any Designated Information to any of the following:

(a) any current employee of the producing party;

(b) any former employee of the producing party if the Designated Information originated with, was sent to, or was otherwise in the possession of, or known to, the former employee of the producing party during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient on the face of the Designated Information, the testimony or statements of knowledgeable individuals or by evidence that the Designated Information was kept in the files of the former employee;

(c) any current employee of the receiving party if the Designated Information originated with or was sent to, the current employee of the receiving party, as evidenced

**PAGE 10**

by the identification of the current employee as an author, recipient on the face of the Designated Information or the testimony or statements of knowledgeable individuals; or

(d) any former employee of the receiving party if the Designated Information originated with, or was sent to, the former employee of the receiving party during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient on the face of the Designated Information or the testimony or statements of knowledgeable individuals.

22. **LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT TRIAL OR AT DEPOSITION**. In addition to the disclosures authorized above, Designated Information may be made available, or the contents thereof disclosed, to witnesses testifying at any court hearing, at trial or at deposition, or who provide an affidavit or certification, and their counsel, only if:

(a) in the case of a document, it appears that the witness has previously seen or received the Designated Information contained therein, either because the document identifies the witness as an author, recipient, or because the document comes from the files of the witness;

(b) the lawyer disclosing such Designated Information has a reasonable, good-faith belief based upon the witness' testimony or the testimony of other witnesses that the witness has had previous access to the Designated Information;

(c) the producing party agrees in writing that the witness may have access to the Designated Information for purposes of his or her testimony at trial and/or at deposition; or

(d) the witness is employed by the producing party.

23. **DISCLOSURE TO OTHERS**. If it becomes necessary for counsel for a party receiving Designated Information to seek the assistance of any person, other than those persons referred to in Paragraphs 18 and 20 and to disclose certain Designated Information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a) Counsel for the receiving party shall notify, in writing, counsel for the party producing the Designated Information of their desire to disclose the Designated Information and shall identify the person(s) to whom they intend to make disclosure. Such identification shall include the full name and professional address and/or affiliation of the proposed person, an up-to-date curriculum vitae identifying at least all other employments, clients, consultant positions within the last five (5) years.

(b) If no objection to such disclosure is made by counsel for the producing party within five (5) business days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s)—provided, however, that

**PAGE 11**

counsel for the receiving party shall serve upon opposing counsel, before disclosure, a signed Agreement of Confidentiality in the form attached hereto as Exhibit A, whereby such person agrees to comply with, and be bound by, this Protective Order.

(c) Any objections to the disclosure shall be accompanied by reasonable explanations regarding the basis for the objection and why an agreement to be bound by the dictates of this Protective Order will not provide the producing party with sufficient comfort to permit the disclosure.

(d) If the producing party properly objects to such disclosure as per subparagraph (c) above, no disclosure shall be made. Any party, however, may, after satisfying the Court's meet-and-confer requirements and within seven (7) business days from receiving the written objection, move the Court to rule as to whether the particular Designated Information can be disclosed to the person(s) in question. The producing party shall have the burden of establishing the confidentiality of the material while the party requesting disclosure shall have the burden of establishing that the disclosure is warranted.

25. **AGREEMENTS OF CONFIDENTIALITY**. Before disclosure subject to this Protective Order is made to any in-house attorney, employee, officer, or director of a non-producing party, or to any consultant or expert of a non-producing party, counsel for the party disclosing the information shall obtain from that individual a signed copy of the Agreement of Confidentiality, attached here as Exhibit A, acknowledging the following:

(a) that any Designated Information is subject to this Protective Order;

(b) that the person has read this Protective Order;

(c) that the person agrees to comply with, and be bound by, this Protective Order; and

(d) that the person is aware that contempt sanctions may be entered for violating this Protective Order.

All original, signed Agreements shall be maintained by the counsel who obtained them until this litigation concludes. A copy of the executed Agreements shall be provided to opposing counsel upon request.

26. **CORRECTING INADVERTENT FAILURE TO DESIGNATE**. If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL, " "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" information, the producing party may subsequently inform the receiving party of the "CONFIDENTIAL, " "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" nature of the disclosed information, and the receiving party shall treat the disclosed information as "CONFIDENTIAL, " "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" information upon receipt of

written notice from the producing party. To the extent the receiving party has already disclosed such information, such disclosure does not violate this Protective Order, but the receiving party shall promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the producing party.

27. **CORRECTING INADVERTENT DISCLOSURES**. Should any document or information designated as "CONFIDENTIAL, " "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Order; and shall

> (a) promptly inform such person of all the provisions of this Order;

> (b) request such person to sign the Agreement of Confidentiality in the form attached hereto as Exhibit A;

> (c) request that such person return or destroy all copies of the disclosed materials; and

> (d) identify such person immediately to the producing party that designated the document as confidential.

The executed Agreement of Confidentiality shall promptly be served upon the party that produced the Designated Information.

28. **MAINTAINING CUSTODY**. Designated Information shall be maintained in the custody of counsel for the parties except that:

> (a) any court reporter who transcribes testimony given in these actions may maintain any Designated Information for the purpose of rendering his or her normal transcribing services; and

> (b) partial or complete copies of these documents may be retained by persons entitled to access of such documents under the terms of this Protective Order to the extent necessary for their study, analysis, and preparation of the case.

A person with custody of Designated Information shall maintain them in a manner that limits access to those entitled under this Protective Order to examine the documents so designated.

29. **INFORMATION NOT COVERED BY THIS ORDER**. The restrictions set forth in this Protective Order will *not* apply to:

> (a) information that is in the possession of, or otherwise known to, the receiving party or the public before the date of its transmission by the producing party; or

**PAGE 13**

(b) information that becomes known to the public after the date of its transmission by the producing party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this Order.

30. **CONTESTING CONFIDENTIALITY DESIGNATIONS**. Accepting any Designated Information shall not constitute a concession that the information, document, or thing is in fact confidential. Any party or interested member of the public may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," then the parties shall first try to resolve such disputes on an informal basis. The receiving party shall provide counsel for the designating party written notice of the reasons for its objection. The designating party shall, within seven (7) business days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation. Within five (5) business days thereafter, the parties shall confer in a good-faith effort to resolve the matter. Failing such resolution, the receiving party shall then have five (5) business days from the final conference (the "Motion Period") to apply to the Court, on duly noticed motion, to compel the production of the Designated Information without designation. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, but Designated Information shall be deemed as such until the matter is resolved.

The failure of the receiving party to challenge the designation of any item as Designated Information under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the receiving party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

31. **NO LIMITATION OF OTHER RIGHTS**. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any legitimate grounds other than confidentiality. Further, nothing in this Protective Order prevents a party from disclosing its own documents and information as it sees fit.

32. **RELIEF FROM, MODIFICATION, OR ENFORCEMENT OF THIS ORDER**. This Protective Order shall not prevent any party or interested member of the public from applying to the Court for relief there from, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or to vacate this Protective Order, subject to the Court's approval. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

33. **RETURN OF DESIGNATED INFORMATION**. At the conclusion of this litigation, including any appeals, all Designated Information furnished pursuant to this Protective Order, and all copies thereof, shall be either (i) destroyed or (ii) returned to the attorneys of record for the producing party at the producing party's expense. The producing party shall make

this election within thirty (30) days after the conclusion of this action. Within sixty (60) days of the election, counsel for the receiving party shall either return the information or notify counsel for the producing party, in writing, that all Designated Information subject to this Protective Order have been destroyed. Outside counsel for the parties shall be allowed to retain one copy of all pleadings and motions, including attachments, and one copy of all deposition transcripts in the case. However, the provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Designated Information produced hereunder shall continue to be binding after this action concludes.

34. **DISCOVERY FROM THIRD PARTIES**. If discovery is sought from a third party requiring disclosure of that third party's Designated Information, such information will be subject to the same procedures and accorded the same protections as those governing disclosure of the parties' Designated Information pursuant to this Protective Order.

35. **ATTORNEY ADVICE TO CLIENT**. This Protective Order shall not bar any attorney, in the course of rendering advice to his or her client with respect to this litigation, from conveying to any party client opinions based on counsel's review of protected documents produced or exchanged under this Protective Order; however, in rendering such advice and otherwise communicating with the client, the attorney shall not disclose any protected document where the disclosure would be contrary to the terms of this Protective Order.

36. **THIRD-PARTY DISCOVERY REQUESTS**. If any documents, things, or information received under this Protective Order and in the possession, custody, or control of any receiving party is sought by subpoena, discovery request or other compulsory process, the receiving party to whom the process, subpoena, or discovery request is directed shall (i) within seven (7) business days after receipt thereof, and before producing the document, thing or information, give written notice of such process or discovery request together with a copy thereof, to counsel for the producing party; and (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request. The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, discovery request, or other such process. A receiving party may produce the requested materials in order to comply with a compulsory order issued by a judicial or governmental entity.

37. **PRODUCING PARTY'S RIGHTS**. The terms of this Order shall in no way affect a producing party's right to (i) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege, the work-product doctrine, or joint defense privilege, or (ii) reveal or disclose to anyone any documents or information designated by the producing party as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE." Disclosure by a producing party shall not affect any designation so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. But, should a producing party disclose any Designated Information to a witness (in deposition or otherwise), any opposing party shall have the same right to disclose the same Designated Information in examining that witness in this action. A producing party may, at any time, de-designate a document so that certain materials must no longer be treated as

"CONFIDENTIAL, " "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" under this Protective Order.

38. **MOTIONS TO MODIFY**. The Court anticipates and encourages the parties to file a motion to modify the terms of this Protective Order to facilitate (i) sharing materials designated under this Protective Order's terms with experts and consultants; (ii) shifting the cost burden of production equitably; and (iii) adopting other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure. For good cause shown or recognized public policy considerations, the Court may modify or vacate this Order and/or any order that the filing of an item with the Court be or remain under seal.

39. **SURVIVING THE LITIGATION'S TERMINATION**. This Protective Order and any other orders permitting materials to be filed and maintained under seal shall survive the termination of this litigation. Moreover, the Court's jurisdiction over this Order and any other orders permitting materials to be filed and maintained under seal shall survive the termination of this litigation.

40. **DISCLOSURE TO MOCK JURORS AND JURY CONSULTANTS**. "Mock Jurors and Jury Consultants" refers only to individuals retained by a party in preparation for trial for this litigation. For any jury research, an appropriate screening must be used to ensure that the jury consultant(s) and mock jurors are not current or former officers, directors, employees, or consultants of any party or direct competitors of any party. Each party may retain no more than two jury consultants and twenty (20) mock jurors. Each jury consultant and mock juror must agree to be bound by the terms of this Protective Order and must execute the Agreement of Confidentiality (Exhibit A). The party retaining the mock jurors or jury consultants shall retain the executed agreements. Jury consultants and mock jurors may review information designated "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY," but not information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," in the context of mock trials or jury research, but they shall not retain possession or custody of any such materials.

**IT IS SO ORDERED**

**So ORDERED and SIGNED this 16th day of May, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC. | |
| | CIVIL ACTION NO. 2:10-CV-260-JRG |
| Plaintiff, | |
| v. | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC., | **JURY** <br><br> **AGREEMENT OF CONFIDENTIALITY** |
| Defendants; | |
| and | |
| VIZIO, INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| HITACHI, LTD., HITACHI CONSUMER ELECTRONICS CO., LTD., HITACHI ADVANCED DIGITAL, INC., HITACHI AMERICA, LTD., and HITACHI HOME ELECTRONICS (AMERICA), INC. | |
| Counterclaim-Defendants, | |

**PAGE 17**

## AGREEMENT OF CONFIDENTIALITY

I certify that I have read the Protective Order ("Order") entered in this action by the United States District Court for the Eastern District of Texas. I understand the terms of the Order, acknowledge that I am bound by the Order's terms, and agree to comply with those terms.

The undersigned further acknowledges that a violation of this Order could subject the parties to irreparable injury for which money damages would be an inadequate remedy and, therefore, agrees that, in addition to any other available remedies, injunctive relief shall be available to restrain any violations of the Protective Order.

This Agreement shall be construed in all respects according to the internal laws of the State of Texas, without giving effect to principles of conflict of laws that would direct the application of the law of another jurisdiction.

I consent to the personal jurisdiction of the United States District Court, Eastern District of Texas, for any proceeding involving the enforcement of the Order.  Further, I understand that the Court may impose sanctions should it find that I violated the Order.

_____
Signature

_____
Name

_____
Affiliation

_____
Date

**PAGE 18**