**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC. <br><br> Plaintiff, <br><br> v. <br><br> TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC., <br><br> Defendants; <br><br> and <br><br> VIZIO, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> HITACHI, LTD., HITACHI CONSUMER ELECTRONICS CO., LTD., HITACHI ADVANCED DIGITAL, INC., HITACHI AMERICA, LTD., and HITACHI HOME ELECTRONICS (AMERICA), INC. <br><br> Counterclaim-Defendants, | CIVIL ACTION NO. 2:10-CV-260-JRG <br><br><br> **JURY** |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action; and

    (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas;

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

**4.** **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

**5.** **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a) <u>Interrogatories</u>: Hitachi[2] may serve up to 20 common interrogatories, 5 individual interrogatories on TPV, and 10 individual interrogatories on Vizio. Vizio and TPV may serve up to 20 common interrogatories on Hitachi. Vizio and TPV may additionally serve 10 and 5 individual interrogatories on Hitachi, respectively.

(b) <u>Requests for Admission</u>: Hitachi may serve up to 40 common requests, 15 individual requests on TPV, and 40 individual requests on Vizio. Vizio and TPV may serve up to 40 common requests on Hitachi. Vizio and TPV may additionally serve 40 and 15 individual requests on Hitachi, respectively. Notwithstanding the foregoing, there shall be no limitations on the number of requests for admission any party may use solely for the purpose of authentication of evidence. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

---

[2] Hitachi Consumer Electronics Co., Ltd.; Hitachi Advanced Digital, Inc., Hitachi, Ltd., Hitachi America, Ltd., and Hitachi Home Electronics (America), Inc. (collectively "Hitachi") constitutes one party. Top Victory Electronics (Taiwan) Co. Ltd., TPV Int'l (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co. Ltd., TPV Electronics (Fujian) Co. Ltd., and TPV Technology Ltd. (collectively "TPV") constitutes one party. Vizio, Inc. ("Vizio") constitutes one party.

(c) <u>Depositions of Parties and Third-Parties</u>:

(1) Deposition hours are allocated separately to each category (for example, hours for party depositions are separate from hours for inventors even though inventors may be parties). All translated deposition hours are divided by 1.5 for purposes of calculating the number of deposition hours used.

(2) Hitachi is entitled to take up to sixty (60) hours of deposition testimony of Vizio, including current officers, directors and employees.

(3) Hitachi is entitled to take up to sixty (60) hours of deposition testimony of TPV, including current officers, directors and employees.

(4) Vizio and TPV are entitled to take up to ninety (90) hours of deposition testimony of Hitachi, including current officers, directors and employees.

(5) Hitachi agrees to bring up to six (6) witnesses (fact witnesses or 30(b)(6) witnesses) to the United States for deposition. If TPV or Vizio wish to depose additional Hitachi witnesses, Hitachi agrees to bring the witnesses to the United States provided that the noticing party compensate Hitachi $5,000.00 per witness.

(6) TPV agrees to bring up to six (6) witnesses (fact witnesses or 30(b)(6) witnesses) to the United States for deposition. If Hitachi wishes to depose additional TPV witnesses, TPV agrees to bring the witnesses to the United States provided that Hitachi compensates TPV $5,000.00 per witness.

(7) Vizio will offer its witnesses in the United States.

(8) Hitachi is limited to twenty-four (24) deposition hours of the inventors of the patents asserted by Vizio against Hitachi.  Hitachi and Vizio agree to meet and confer regarding expanded hours for certain key inventors.

(9) Vizio and TPV are limited to eighty (80) deposition hours of the inventors of the patents asserted by Hitachi against TPV and Vizio.  Hitachi agrees to bring the most knowledgeable Hitachi controlled inventor for each patent who has been educated as the 30(b)(6) deponent for that patent to the United States for deposition.  If TPV or Vizio wish to depose additional Hitachi inventors, Hitachi agrees to bring the inventor to the United States provided that the noticing party compensate Hitachi $5,000.00 per inventor.

(10) Expert deposition time limits are independent of any limits discussed in this section and will be negotiated between the parties after expert reports are served.

(11) Each party is limited to one hundred and twenty (120) deposition hours of non-inventor third parties in this action.

(12) 30(b)(6) depositions are included within limits set forth in (2), (3), and (4) above.

(13) All individual depositions shall be limited to seven (7) hours in accordance with the Federal Rules of Civil Procedure.

(14) Depositions on written questions of custodians of business records for third parties are also permitted but are not included in the limit on deposition hours per side set forth in (1) above.

       The parties agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses. Any party may later move to modify these limitations for good cause.

6.    **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7.    **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil

        Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.    **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.    **Discovery Disputes.**

    (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b)    In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person**

        conference involving lead and local counsel for all parties to the discovery dispute was held.

    (c)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.** **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11.** **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.** **Proposed Stipulations by the Parties Regarding Discovery:**

    (a)    <u>Production of documents</u>: The parties agree to the following with respect to production of documents, data compilations and tangible things:

        (1)    The parties will produce documents and electronically stored information in either native file format or single page TIFF images with a load file with beginning and ending Bates numbers or in searchable PDF format. If production is in native file format (*e.g.*, Excel, Powerpoint) the Bates numbers shall be embedded in the document (*e.g.*, in a header or footer) so that it is apparent upon viewing or printing.

  (2) For document production, the parties will produce any existing English language translations of documents to be produced, whether or not created for the purpose of this case.

(b) <u>Electronically Stored Information ("ESI")</u>: The parties agree to adopt the Model Order Regarding E-Discovery in Patent Cases, attached as Exhibit A ("Model Order"). In addition, the parties agree to the following with respect to ESI:

 (1) Production of metadata will be done at the discretion of the producing party. A party, however, may, upon a showing of good cause, specifically request "native" files or metadata for a specific document, range of documents, or discrete category of documents. The responding party shall produce the requested "native files" or metadata in response to such specific requests unless the responding party can demonstrate that the request is unduly burdensome. The parties are not required to preserve metadata fields that are frequently updated in the ordinary course of business, such as last-opened dates.

 (2) Metadata will not be preserved or provided for ESI produced from the files of outside counsel (e.g., files produced by counsel after a waiver of the attorney-client privilege).

 (3) The parties will not be required to restore archival or disaster recovery back-up tapes without a showing of good cause by the requesting party.

 (4) The parties are not required to preserve or produce "deleted," "slack," "fragmented," or "unallocated" data.

    (5)    The parties are not required to preserve or produce random access memory (RAM) or other ephemeral data.

    (6)    The parties are not required to preserve or produce on-line access data such as temporary internet files, history, cache, cookies, etc.

    (7)    The parties are not required to preserve or produce ESI from PDAs, cell phones, text messages, online chats, voicemails, and similar media absent a showing of good cause.

(c)    <u>Limitation Regarding Entries on Privilege Log.</u>    The parties agree that they are not obligated to identify on their privilege logs any privileged or work product documents that were generated on or after the initiation of the current litigation (July 22, 2010), except as provided under Local Patent Rule 3-7.

(d)    <u>Inadvertent Production.</u>    The parties agree that if information subject to a claim of attorney client privilege, the work product doctrine or other protection, privilege, doctrine, right, or immunity, is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such protection, privilege, doctrine, right or immunity. Any party that inadvertently or unintentionally produces materials protected by the attorney-client privilege, the work product doctrine or other protection, privilege, doctrine, right, or immunity, may obtain the immediate return of those materials by notifying the Receiving Party in writing of the inadvertent production. The party requesting the return of such unintentionally produced materials shall provide a privilege log for the inadvertently produced materials to the Receiving Party or Parties unless the parties agree that such a log

is not necessary. If such a request is made, the Receiving Party shall gather and promptly return all copies of the privileged material to the Producing Party. Return of the information or material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production. The Receiving Party shall certify in writing that all copies of the privileged materials have been returned and/or destroyed. This Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any inadvertently produced material subject to the attorney-client privilege or work product immunity is not a waiver.

(e) Expert Discovery: The parties agree to the following with respect to Expert Discovery:

(1) Oral and written communication between an expert witness for any party or parties, and the party or parties, or their attorneys or representatives employing such expert, which are made in connection with the expert witness' engagement for this case, are not discoverable, except to the extent that the expert relies upon them for his / her opinions.

(2) Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this action are not discoverable.

  (3) All notes, memoranda and other writings of an expert witness that are prepared in connection with the expert witness' engagement for this case are not discoverable, except to the extent that the expert consults them while testifying at a deposition or at trial.

  (4) Plaintiffs may designate up to six (6) testifying experts in this case. Defendants may collectively designate up to three (3) testifying expert witnesses on common issues, and each Defendant may designate up to three (3) testifying experts on non-common issues. These expert limits do not apply to discovery under P.R. 3-7. Any party may request use of additional experts at a later time for good cause.

(f) <u>Deadline for Exchange of Initial Disclosure Pursuant to Paragraph 1.</u>  The parties agree to exchange Initial Disclosures pursuant to Paragraph 1 of this Order by May 31, 2012.

(g) <u>Deadline for Exchange of Information Pursuant to Paragraph 3(c).</u>  The parties agree to exchange the information required in Paragraph 3(c) of this Order by the deadline for opening expert reports set forth in the Docket Control Order.

(h) <u>Service by Email.</u>  The parties agree to accept service by email to all counsel of record for the party to be served, and agree that service by email shall be subject to Local Rule CV-5(a)(3)(C-D). The parties agree that three (3) days shall still be added to deadlines based on Federal Rule of Civil Procedure 6(d).

**So ORDERED and SIGNED this 23rd day of May, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

EXHIBIT A

Addendum: Discovery Model Order

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br>Defendant. | Case No. |

**[MODEL] ORDER REGARDING E-DISCOVERY IN PATENT CASES**

EXHIBIT A

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have

EXHIBIT A

exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and

EXHIBIT A

"system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.