**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD. and HITACHI ADVANCED DIGITAL, INC., | ) )  |
| | ) Civil Action No. 2:10-cv-260 |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) ) |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC. | ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |
| and | ) ) |
| VIZIO, INC., | ) ) |
| Counterclaim-Plaintiff, | ) ) ) |
| v. | ) ) |
| HITACHI, LTD., HITACHI CONSUMER ELECTRONICS CO., LTD., HITACHI ADVANCED DIGITAL, INC., HITACHI AMERICA, LTD., and HITACHI HOME ELECTRONICS (AMERICA), INC. | ) ) ) ) ) |
| Counterclaim-Defendants. | ) |

**VIZIO, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**
**AND COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Vizio, Inc. ("Vizio"), by and through its counsel,

hereby submits its Answer to the First Amended Complaint for patent infringement of the

Patents-in- Suit[1] by Plaintiffs Hitachi Consumer Electronics, Co., Ltd. ("HCE") and Hitachi Advanced Digital, Inc. ("HADI") and its Counterclaims, as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 of the Amended Complaint contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Vizio admits that this action purports to arise under the Patent Laws of the United States, Title 35, United States Code.

## THE PARTIES

2.      Vizio admits the allegations in Paragraph 2 of the Amended Complaint.

3.      Vizio admits the allegations in Paragraph 3 of the Amended Complaint.

4.      Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 4 of the Amended Complaint and therefore denies same.

5.      Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Amended Complaint and therefore denies same.

6.      Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 6 of the Amended Complaint and therefore denies same.

7.      Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 7 of the Amended Complaint and therefore denies same.

8.      Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Amended Complaint and therefore denies same.

---

[1] The patents asserted by HCE and HADI are referred to as the "Patents-in-Suit" throughout this Answer and Counterclaims.  Vizio's patents asserted against Hitachi, Ltd., HCE, HADI, Hitachi America, Ltd., and Hitachi Home Electronics (America), Inc. in Vizio's counterclaims are referred to as the "Vizio Patents."

9.      Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 9 of the Amended Complaint and therefore denies same.

10.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 10 of the Amended Complaint and therefore denies same.

11.     Vizio admits the allegations of Paragraph 11 of the Amended Complaint.

12.     Vizio admits that Hitachi America, Ltd. ("HAL") is a corporation organized under the laws of New York with a principal place of business at 50 Prospect Avenue, Tarrytown, NY 10591.  Vizio denies that HAL and Hitachi, Ltd. have been and continue to be harmed by Vizio and that Vizio has infringed the Patents-in-Suit.  Vizio lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 12 of the Amended Complaint and therefore denies same.

## JURISDICTION AND VENUE

13.     Paragraph 13 of the Amended Complaint contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Vizio admits that this action purports to arise under the Patent Laws of the United States, Title 35, United States Code, that in this action, Plaintiffs purport to allege infringement of U.S. Patent Nos. 5,502,497, 5,534,934, 6,037,995, 6,388,713, 6,549,243, 7,012,769, 7,286,310, 6,144,412, 7,889,281, and 8,009,375 (the "Patents- in-Suit"), that this Court has jurisdiction over the subject matter of this action, and that venue is proper in this judicial district.

14.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Amended Complaint and therefore denies same.

15.     Vizio admits that it sells televisions in the United States, including the State of Texas and in this judicial district in particular.  Vizio also admits that it expects and intends that

some of the products Vizio markets will be sold in the State of Texas, including in this judicial district. Vizio denies any remaining allegations in Paragraph 15 of the Amended Complaint.

16.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 16 of the Amended Complaint and therefore denies same.

17.     Vizio admits that one or more of the TPV defendants manufacturers and sells certain televisions to Vizio, that Vizio sells televisions manufactured by one or more of the TPV defendants under its own brand name, and that these televisions include televisions identified with the following Vizio model numbers: E320VA, E420VT, M220VA, and VA26LHDTV10T. Vizio denies the remaining allegations in paragraph 17 of the Amended Complaint.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 5,502,497

18.     Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

19.     Vizio admits that U.S. Patent No. 5,502,497 ("the '497 patent") states as its title "TELEVISION BROADCASTING METHOD AND SYSTEM ENABLING PICTURE BROADCASTING FROM THE TRANSMITTING EQUIPMENT TO THE RECEIVING EQUIPMENT USING ALTERNATIVE BROADCASTING SYSTEM STANDARDS." Vizio admits that on its face, the '497 patent lists an issuance date of March 26, 1996. Vizio denies that the '497 patent was "duly and legally issued." Vizio denies all remaining allegations contained in Paragraph 19 of the Amended Complaint.

20.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 20 of the Amended Complaint and therefore denies same.

21.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 21 of the Amended Complaint and therefore denies same.

22.     Vizio denies the allegations of Paragraph 22 of the Amended Complaint.

4

23.     Vizio denies the allegations of Paragraph 23 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 23 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.  ·

24.     Vizio denies the allegations of Paragraph 24 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 24 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

25.     Vizio denies the allegations of Paragraph 25 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 25 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 5,534,934

26.     Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

27.     Vizio admits that U.S. Patent No. 5,534,934 ("the '934 patent") states as its title "TELEVISION RECEIVER CAPABLE OF ENLARGING AND COMPRESSING IMAGE." Vizio admits that on its face, the '934 patent lists an issuance date of July 9, 1996.  Vizio denies that the '934 patent was "duly and legally issued."   Vizio denies all remaining allegations contained in Paragraph 27 of the Amended Complaint.

28.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 28 of the Amended Complaint and therefore denies same.

29.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 29 of the Amended Complaint and therefore denies same.

30.     Vizio denies the allegations of Paragraph 30 of the Amended Complaint.

31.     Vizio denies the allegations of Paragraph 31 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 31 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

32.     Vizio denies the allegations of Paragraph 32 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 32 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

33.     Vizio denies the allegations of Paragraph 33 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 33 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

**COUNT III - INFRINGEMENT OF U.S. PATENT NO. 6,037,995**

34.     Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

35.     Vizio admits that U.S. Patent No. 6,037,995 ("the '995 patent") states as its title "BROADCASTING AND COMMUNICATION RECEIVER APPARATUS." Vizio admits that on its face, the '995 patent lists an issuance date of March 14, 2000. Vizio denies that the '995 patent was "duly and legally issued." Vizio denies all remaining allegations contained in Paragraph 35 of the Amended Complaint.

36.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 36 of the Amended Complaint and therefore denies same.

6

37.    Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 37 of the Amended Complaint and therefore denies same.

38.    Vizio denies the allegations of Paragraph 38 of the Amended Complaint.

39.    Vizio denies the allegations of Paragraph 39 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 39 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

40.    Vizio denies the allegations of Paragraph 40 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 40 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

41.    Vizio denies the allegations of Paragraph 41 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 41 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 6,388,713

42.    Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

43.    Vizio admits that U.S. Patent No. 6,388,713 ("the '713 patent") states as its title "IMAGE DISPLAY APPARATUS, AND METHOD TO PREVENT OR LIMIT USER ADJUSTMENT OF DISPLAYED IMAGE QUALITY."  Vizio denies that on the '713 patent was issued on January 28, 2003.  Vizio further denies that the '713 patent was "duly and legally issued."  Vizio denies all remaining allegations contained in Paragraph 43 of the Amended Complaint.

44.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 44 of the Amended Complaint and therefore denies same.

45.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 45 of the Amended Complaint and therefore denies same.

46.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 46 of the Amended Complaint and therefore denies same.

47.     Vizio denies the allegations of Paragraph 47 of the Amended Complaint.

48.     Vizio denies the allegations of Paragraph 48 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 48 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

49.     Vizio denies the allegations of Paragraph 49 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 49 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

50.     Vizio denies the allegations of Paragraph 50 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 50 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

## COUNT V- INFRINGEMENT OF U.S. PATENT NO. 6,549,243

51.     Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

52.     Vizio admits that U.S. Patent No. 6,549,243 ("the '243 patent") states as its title "DIGITAL BROADCAST RECEIVER UNIT."  Vizio admits that on its face, the '243 patent

8

lists an issuance date of April 15, 2003. Vizio denies that the '243 patent was "duly and legally issued." Vizio denies all remaining allegations contained in Paragraph 52 of the Amended Complaint.

53. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 53 of the Amended Complaint and therefore denies same.

54. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 54 of the Amended Complaint and therefore denies same.

55. Vizio denies the allegations of Paragraph 55 of the Amended Complaint.

56. Vizio denies the allegations of Paragraph 56 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 56 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

57. Vizio denies the allegations of Paragraph 57 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 57 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

58. Vizio denies the allegations of Paragraph 58 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 58 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

## COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 7,012,769

59. Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

60.     Vizio admits that U.S. Patent No. 7,012,769 ("the '769 patent") states as its title "DIGITAL INFORMATION RECORDING/REPRODUCING APPARATUS." Vizio admits that on its face, the '769 patent lists an issuance date of March 14, 2006. Vizio denies that the '769 patent was "duly and legally issued." Vizio denies all remaining allegations contained in Paragraph 60 of the Amended Complaint.

61.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 61 of the Amended Complaint and therefore denies same.

62.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 62 of the Amended Complaint and therefore denies same.

63.     Vizio denies the allegations of Paragraph 63 of the Amended Complaint.

64.     Vizio denies the allegations of Paragraph 64 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 64 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

65.     Vizio denies the allegations of Paragraph 65 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 65 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

66.     Vizio denies the allegations of Paragraph 66 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 66 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

## COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 7,286,310

67.     Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the foregoing paragraphs.

68.     Vizio admits that U.S. Patent No. 7,286,310 ("the '310 patent") states as its title "APPARATUS FOR RECEIVING COMPRESSED DIGITAL INFORMATION."  Vizio admits that on its face, the '310 patent lists an issuance date of October 23, 2007.  Vizio denies that the '310 patent was "duly and legally issued."  Vizio denies all remaining allegations contained in Paragraph 68 of the Amended Complaint.

69.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 69 of the Amended Complaint and therefore denies same.

70.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 70 of the Amended Complaint and therefore denies same.

71.     Vizio denies the allegations of Paragraph 71 of the Amended Complaint.

72.     Vizio denies the allegations of Paragraph 72 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 72 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

73.     Vizio denies the allegations of Paragraph 73 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 73 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

74.     Vizio denies the allegations of Paragraph 74 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations

in Paragraph 74 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

## COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 6,144,412

75.     Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

76.     Vizio admits that U.S. Patent No. 6,144,412 ("the '412 patent") states as its title "METHOD AND CIRCUIT FOR SIGNAL PROCESSING OF FORMAT CONVERSION OF PICTURE SIGNAL." Vizio admits that on its face, the '412 patent lists an issuance date of November 7, 2000. Vizio denies that the '412 patent was "duly and legally issued." Vizio denies all remaining allegations contained in Paragraph 76 of the Amended Complaint.

77.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 77 of the Amended Complaint and therefore denies same.

78.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 78 of the Amended Complaint and therefore denies same.

79.     Vizio denies the allegations of Paragraph 79 of the Amended Complaint.

80.     Vizio denies the allegations of Paragraph 80 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 80 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

81.     Vizio denies the allegations of Paragraph 81 of the Amended Complaint as to the allegations concerning Vizio. Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 81 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

82.     Vizio denies the allegations of Paragraph 82 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 82 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

### COUNT IX - INFRINGEMENT OF U.S. PATENT NO. 7,889,281 B2

83.     Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

84.     Vizio admits that U.S. Patent No. 7,889,281 B2 ("the '281 patent") states as its title "DIGITAL BROADCAST RECEIVER UNIT."  Vizio admits that on its face, the '281 patent lists an issuance date of February 15, 2011.  Vizio denies that the '281 patent was "duly and legally issued."  Vizio denies all remaining allegations contained in Paragraph 84 of the Amended Complaint.

85.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 85 of the Amended Complaint and therefore denies same.

86.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 86 of the Amended Complaint and therefore denies same.

87.     Vizio denies the allegations of Paragraph 87 of the Amended Complaint.

88.     Vizio admits that it became aware of the '281 patent upon the filing of civil case no. 2:12-cv-00268-JRG in the United States District Court for the Eastern District of Texas, filed on May 3, 2012.  Vizio denies the remaining allegations of Paragraph 88 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 88 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

89.     Vizio denies the allegations of Paragraph 89 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 89 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

### COUNT X - INFRINGEMENT OF U.S. PATENT NO. 8,009,375 B2

90.     Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

91.     Vizio admits that U.S. Patent No. 8,009,375 B2 ("the '375 patent") states as its title "APPARATUS AND METHOD FOR RECEIVING AND RECORDING DIGITAL INFORMATION."  Vizio admits that on its face, the '375 patent lists an issuance date of August 30, 2011.  Vizio denies that the '375 patent was "duly and legally issued."  Vizio denies all remaining allegations contained in Paragraph 91 of the Amended Complaint.

92.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 92 of the Amended Complaint and therefore denies same.

93.     Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 93 of the Amended Complaint and therefore denies same.

94.     Vizio denies the allegations of Paragraph 94 of the Amended Complaint.

95.     Vizio admits that it became aware of the '375 patent upon the filing of civil case no. 2:12-cv-00268-JRG in the United States District Court for the Eastern District of Texas, filed on May 3, 2012.  Vizio denies the remaining allegations of Paragraph 95 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 95 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

96.     Vizio denies the allegations of Paragraph 96 of the Amended Complaint as to the allegations concerning Vizio.  Vizio lacks knowledge sufficient to admit or deny the allegations in Paragraph 96 of the Amended Complaint as to the allegations concerning TPV and therefore denies same.

## AFFIRMATIVE DEFENSES

97.     Without admitting or acknowledging that it bears the burden of proof as to it, and reserving its right to amend its Answer to add additional Affirmative Defenses, Vizio pleads the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE - NONINFRINGEMENT

98.     Vizio  has  not  infringed,  contributed  to  the  infringement  of,  induced  the infringement of, or otherwise directly or indirectly infringed any valid, enforceable claim of the Patents-in-Suit asserted by Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE - ESTOPPEL

99.     Plaintiffs' attempted enforcement of the Patents-in-Suit against Vizio is barred in whole or in part under the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE - STATUTORILY INVALID

100.    The Patents-in-Suit are invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE - LACHES

101.    Plaintiffs' attempted enforcement of the Patents-in-Suit against Vizio is barred in whole or in part under the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE – MARKING AND NOTICE

102.    To the extent that Plaintiffs' or their predecessors in interest or its licensees in, to, or under the Patents-in-Suit failed to properly mark any of their relevant products as required by

35 U.S.C. § 287 or to otherwise give proper notice that Vizio's actions allegedly infringed the Patents-in-Suit, Vizio is not liable to Plaintiffs for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

### SIXTH AFFIRMATIVE DEFENSE - LICENSE AND/OR EXHAUSTION

103.   To the extent that Plaintiffs have licensed or otherwise exhausted their rights and remedies as to products or services that are accused by way of Plaintiffs' Amended Complaint, Vizio is not liable to Plaintiffs for any alleged acts of infringement related to such products or services.

### SEVENTH AFFIRMATIVE DEFENSE - PROSECUTION LACHES

104.   Plaintiffs' attempted enforcement of the Patents-in-Suit against Vizio is barred in whole or in part under the doctrine of prosecution laches.

### PRAYER FOR RELIEF

WHEREFORE, Vizio requests entry of judgment in its favor and against Plaintiffs as follows:

a.   Dismissal of the Amended Complaint with prejudice;

b.   That Plaintiffs take nothing by reason of this lawsuit;

c.   That this Court adjudge that Vizio has not infringed any of the Patents-in-Suit;

d.   That this Court adjudge that the Patents-in-Suit are invalid and/or void;

e.   That this Court award costs and attorneys' fees to the extent appropriate and permitted by law; and

f.   Such other and additional relief as the Court may deem proper.

## DEFENDANT'S COUNTERCLAIMS

Vizio hereby counterclaims against Hitachi, Ltd., HCE, HADI, Hitachi America, Ltd., and Hitachi Home Electronics (America), Inc. as follows:

## THE PARTIES

105.    Counterclaim-plaintiff Vizio, Inc. ("Vizio") is a corporation organized and existing under the laws of the State of California with its principal place of business at 39 Tesla, Irvine, California 92618.    Vizio is a leading seller of LCD display televisions in the United States.

106.    Counterclaim-defendant Hitachi, Ltd. ("Hitachi") is a corporation organized under the laws of Japan with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.    On information and belief, Hitachi is the ultimate parent company to the other Infringement Counterclaim Defendants.    On information and belief, Hitachi, itself and by and through the other Infringement Counterclaim Defendants, is involved in the design, manufacture, assembly, importation into the United States, sale within the United States and/or offers for sale within the United States and service and/or repair within the United States of digital televisions that infringe the Vizio Patents.

107.    Counterclaim-defendant Hitachi Consumer Electronics Co. Ltd. ("HCE") is a corporation organized under the laws of Japan with its principal place of business at 2-1, Otemachi 2-chome Chiyoda-ku Tokyo, Japan.    On information and belief, HCE is involved in the design, manufacture and/or assembly of digital televisions that infringe the Vizio Patents and acts in concert with the other Infringement Counterclaim Defendants in the importation into the United States, sale within the United States and/or offer for sale within the United States and

108.    Counterclaim-defendant Hitachi Advanced Digital, Inc. ("HADI") is a corporation organized and under the laws of Japan with its principal place of business at 292,

17

Yoshidacho, Totsuka-Ku, Yokohama, Kanagawa, Japan. On information and belief, HADI is involved in the design, manufacture and/or assembly of digital televisions that infringe the Vizio Patents and acts in concert with the other Infringement Counterclaim Defendants in the importation into the United States, sale within the United States and/or offer for sale within the United States and service and/or repair within the United States of digital televisions that infringe the Vizio Patents.

109.    Counterclaim-defendant Hitachi America, Ltd. ("HA") is a corporation organized under the laws of New York with its principal place of business at 50 Prospect Avenue, Tarrytown, NY 10591 and offices at 2000 Sierra Point Parkway, No. 9, Brisbane, CA, 94005. On information and belief, HA, itself and in concert with the other Infringement Counterclaim Defendants, is involved in the importation into the United States, sale within the United States and/or offers for sale within the United States and service and/or repair within the United States of digital televisions that infringe the Vizio Patents.

110.    Counterclaim-defendant Hitachi Home Electronics (America), Inc. ("HHEA") is a corporation organized under the laws of California with its principal place of business at 900 Hitachi Way, Chula Vista, CA 91914. On information and belief, HHEA, itself and in concert with the other Infringement Counterclaim Defendants, is involved in the importation into the United States, sale within the United States and/or offers for sale and service and/or repair within the United States of digital televisions that infringe the Vizio Patents.

111.    HCE and HADI are hereafter referred to collectively as the "Declaratory Judgment Defendants."

112.    Hitachi, HCE, HADI, HA and HHEA are hereafter referred to collectively as the "Infringement Counterclaim Defendants."

## JURISDICTION AND VENUE

113.   These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and under the patent laws of the United States, Title 35, United States Code.

114.   This Court has original jurisdiction over the subject matter of these counterclaims pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

115.   The Declaratory Judgment Counterclaim Defendants are subject to personal jurisdiction in the State of Texas and this judicial district by virtue of the fact that the Declaratory Judgment Counterclaim Defendants brought patent infringement claims in this judicial district. The Declaratory Judgment Counterclaim Defendants have therefore consented to personal jurisdiction in this judicial district.

116.   The Infringement Counterclaim Defendants are subject to personal jurisdiction in the State of Texas because they transact business in this judicial district and division by, among other things, regularly and systematically offering for sale and selling their products in Texas through retailers who in turn resell the products to Texas consumers.

117.   The Infringement Counterclaim Defendants have committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the Vizio Patents in this judicial district and division.

118.   Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1391(d), as well as 28 U.S.C. § 1400(b).

## DECLARATORY JUDGMENT COUNTERCLAIM

119.   The Declaratory Judgment Counterclaim Defendants brought suit against counterclaim plaintiff Vizio for alleged infringement of the Patents-in-Suit. Vizio denies infringement and denies that the Patents-in-Suit are valid and enforceable. There is therefore a

substantial, actual, and continuing controversy between the Declaratory Judgment Counterclaim Defendants and Vizio as to the infringement, validity and enforceability of the Patents-in-Suit.

120.    Vizio has not infringed (either directly, indirectly, literally, or under the doctrine of equivalents) any valid and enforceable claim of the Patents-in-Suit.

121.    The Patents-in-Suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

122.    Vizio is entitled to a judgment that the Patents-in-Suit are not infringed and are invalid.

123.    This matter is an exceptional case within the meaning of 35 U.S.C. § 285.

**COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,511,096**

124.    Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

125.    On April 23, 1996, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,511,096 titled "Quadrature Amplitude Modulated Data for Standard Bandwidth Television Channel," (hereafter "the '096 Patent"). A true and correct copy of the '096 Patent is attached hereto as Exhibit A.

126.    Vizio is the owner of all rights, title and interest in the '096 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

127.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe either literally and/or under the doctrine of equivalents, the '096 Patent by practicing one or more claims of the '096 Patent in the manufacture, use, offering for sale, sale, and/or importation of digital televisions, including but not limited to the following digital television models: LE46S704; LE42S704;

20

LE22S314; LE19S314; LE19S304; L55S604; L46S604; L42S504; L32S504; L32A404; L32BD304; L26D204; L19D103; L26D103; L32A403; L42A403; L42S503; L46S603; and L55S603 (hereafter "Accused Digital Televisions").

128. Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe, the '096 Patent by contributing to and/or actively inducing others to infringe one or more claims of the '096 Patent by their manufacture, use, offering for sale, sale, supplying and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

129. As a result of Defendant's infringement, Vizio has suffered, and will continue to suffer damages.

130. Vizio is entitled to recover from the Infringement Counterclaim Defendants the damages it has sustained as a result of the Infringement Counterclaim Defendants' infringing acts in an amount subject to proof at trial. Vizio is also entitled to its costs of suit and interest.

131. Upon information and belief, the Infringement Counterclaim Defendants' acts of infringement were willful and in conscious disregard for Vizio's patent rights, and the resulting damage to Vizio is such as to warrant the trebling of damages to provide just compensation pursuant to 35 U.S.C. § 284.

132. Unless the Infringement Counterclaim Defendants are enjoined by this Court from continuing their infringement of the '096 Patent, Vizio will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,621,761

133. Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

21

134.    On April 15, 1997, the USPTO issued U.S. Patent No. 5,621,761 titled "Rotationally Invariant Trellis Coding Incorporating Transparent Binary Convolutional Codes," (hereafter "the '761 Patent"). A true and correct copy of the '761 Patent is attached hereto as Exhibit B.

135.    Vizio is the owner of all rights, title and interest in the '761 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

136.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe either literally and/or under the doctrine of equivalents, the '761 Patent by practicing one or more claims of the '761 Patent in the manufacture, use, offering for sale, sale, and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

137.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe, the '761 Patent by contributing to and/or actively inducing others to infringe one or more claims of the '761 Patent by their manufacture, use, offering for sale, sale, supplying and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

138.    As a result of the Infringement Counterclaim Defendants' infringement, Vizio has suffered, and will continue to suffer damages.

139.    Vizio is entitled to recover from the Infringement Counterclaim Defendants the damages it has sustained as a result of the Infringement Counterclaim Defendants' infringing acts in an amount subject to proof at trial. Vizio is also entitled to its costs of suit and interest.

140.    Upon information and belief, the Infringement Counterclaim Defendants' acts of infringement were willful and in conscious disregard for Vizio's patent rights, and the resulting

damage to Vizio is such as to warrant the trebling of damages to provide just compensation pursuant to 35 U.S.C. § 284.

141.   Unless the Infringement Counterclaim Defendants are enjoined by this Court from continuing their infringement of the '761 Patent, Vizio will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,703,887

142.   Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

143.   On December 30, 1997, the USPTO issued U.S. Patent No. 5,703,887 titled "Synchronization and Error Detection in a Packetized Data Stream," (hereafter "the '887 Patent"). A true and correct copy of the '887 Patent is attached hereto as Exhibit C.

144.   Vizio is the owner of all rights, title and interest in the '887 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

145.   Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe either literally and/or under the doctrine of equivalents, the '887 Patent by practicing one or more claims of the '887 Patent in the manufacture, use, offering for sale, sale, and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

146.   Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe, the '887 Patent by contributing to and/or actively inducing others to infringe one or more claims of the '887 Patent by their manufacture, use, offering for sale, sale, supplying and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

147.    As a result of the Infringement Counterclaim Defendants' infringement, Vizio has suffered, and will continue to suffer damages.

148.    Vizio is entitled to recover from the Infringement Counterclaim Defendants the damages it has sustained as a result of the Infringement Counterclaim Defendants' infringing acts in an amount subject to proof at trial.  Vizio is also entitled to its costs of suit and interest.

149.    Upon information and belief, the Infringement Counterclaim Defendants' acts of infringement were willful and in conscious disregard for Vizio's patent rights, and the resulting damage to Vizio is such as to warrant the trebling of damages to provide just compensation pursuant to 35 U.S.C. § 284.

150.    Unless the Infringement Counterclaim Defendants are enjoined by this Court from continuing their infringement of the '887 Patent, Vizio will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,745,522

151.    Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

152.    On April 28, 1998, the USPTO issued U.S. Patent No. 5,745,522 titled "Randomizer for Byte-Wise Scrambling of Data," (hereafter "the '522 Patent").  A true and correct copy of the '522 Patent is attached hereto as Exhibit D.

153.    Vizio is the owner of all rights, title and interest in the '522 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

154.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe either literally and/or under the doctrine of equivalents, the '522 Patent by practicing one or more claims of the '522

24

Patent in the manufacture, use, offering for sale, sale, and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

155.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe, the '522 Patent by contributing to and/or actively inducing others to infringe one or more claims of the '522 Patent by their manufacture, use, offering for sale, sale, supplying and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

156.    As a result of the Infringement Counterclaim Defendants' infringement, Vizio has suffered, and will continue to suffer damages.

157.    As a result of the Infringement Counterclaim Defendants' infringement, Vizio has suffered, and will continue to suffer damages.

158.    Upon information and belief, the Infringement Counterclaim Defendants' acts of infringement were willful and in conscious disregard for Vizio's patent rights, and the resulting damage to Vizio is such as to warrant the trebling of damages to provide just compensation pursuant to 35 U.S.C. § 284.

159.    Unless the Infringement Counterclaim Defendants are enjoined by this Court from continuing their infringement of the '522 Patent, Vizio will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

### COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO 5,511,082

160.    Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

161.    On April 23, 1996, the USPTO issued U.S. Patent No. 5,511,082 titled "Punctured Convolutional Encoder" (hereafter "the '082 Patent"). A true and correct copy of the '082 Patent is attached hereto as Exhibit E.

162.    Vizio is the owner of all rights, title and interest in the '082 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

163.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe either literally and/or under the doctrine of equivalents, the '082 Patent by practicing one or more claims of the '082 Patent in the manufacture, use, offering for sale, sale, and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

164.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe, the '082 Patent by contributing to and/or actively inducing other to infringe one or more claims of the '082 Patent in the manufacture, use, offering for sale, sale, supplying and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

165.    As a result of the Infringement Counterclaim Defendants' infringement, Vizio has suffered, and will continue to suffer damages.

166.    Vizio is entitled to recover from the Infringement Counterclaim Defendants the damages it has sustained as a result of the Infringement Counterclaim Defendants' infringing acts in an amount subject to proof at trial. Vizio is also entitled to its costs of suit and interest.

167.    Upon information and belief, the Infringement Counterclaim Defendants' acts of infringement were willful and in conscious disregard for Vizio's patent rights, and the resulting

damage to Vizio is such as to warrant the trebling of damages to provide just compensation pursuant to 35 U.S.C. § 284.

168. Unless the Infringement Counterclaim Defendants are enjoined by this Court from continuing their infringement of the '082 Patent, Vizio will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO 5,396,518

169. Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the foregoing paragraphs.

170. On March 7, 1995, the USPTO issued U.S. Patent No. 5,396,518 titled "Apparatus and Method for Communicating Digital Data Using Trellis Coding with Punctured Convolutional Codes" (hereafter "the '518 Patent"). A true and correct copy of the '518 Patent is attached hereto as Exhibit F.

171. Vizio is the owner of all rights, title and interest in the '518 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

172. Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe either literally and/or under the doctrine of equivalents, the '518 Patent by practicing one or more claims of the '518 Patent in the manufacture, use, offering for sale, sale, and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

173. Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe, the '518 Patent by contributing to and/or actively inducing others to infringe one or more claims of the '518 Patent

by their manufacture, use, offering for sale, sale, supplying and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

174.    As a result of the Infringement Counterclaim Defendants' infringement, Vizio has suffered, and will continue to suffer damages.

175.    Vizio is entitled to recover from the Infringement Counterclaim Defendants the damages it has sustained as a result of the Infringement Counterclaim Defendants' infringing acts in an amount subject to proof at trial.  Vizio is also entitled to its costs of suit and interest.

176.    Upon information and belief, the Infringement Counterclaim Defendants' acts of infringement were willful and in conscious disregard for Vizio's patent rights, and the resulting damage to Vizio is such as to warrant the trebling of damages to provide just compensation pursuant to 35 U.S.C. § 284.

177.    Unless the Infringement Counterclaim Defendants are enjoined by this Court from continuing their infringement of the '518 Patent, Vizio will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

### COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO 5,233,629

178.    Vizio repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

179.    On August 3, 1993, the USPTO issued U.S. Patent No. 5,233,629 titled "Method and Apparatus for Communicating Digital Data using Trellis Coded QAM" (hereafter "the '629 Patent").  A true and correct copy of the '629 Patent is attached hereto as Exhibit G.

180.    Vizio is the owner of all rights, title and interest in the '629 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

181.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe either literally and/or under the doctrine of equivalents, the '629 Patent by practicing one or more claims of the '629 Patent in the manufacture, use, offering for sale, sale, and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

182.    Upon information and belief, in violation of 35 U.S.C. § 271, the Infringement Counterclaim Defendants have infringed, and are continuing to infringe, the '629 Patent by contributing to and/or actively inducing others to infringe one or more claims of the '629 Patent by their manufacture, use, offering for sale, sale, supplying and/or importation of digital televisions, including but not limited to the Accused Digital Televisions.

183.    As a result of the Infringement Counterclaim Defendants' infringement, Vizio has suffered, and will continue to suffer damages.

184.    Vizio is entitled to recover from the Infringement Counterclaim Defendants the damages it has sustained as a result of the Infringement Counterclaim Defendants' infringing acts in an amount subject to proof at trial.  Vizio is also entitled to its costs of suit and interest.

185.    Upon information and belief, the Infringement Counterclaim Defendants' acts of infringement were willful and in conscious disregard for Vizio's patent rights, and the resulting damage to Vizio is such as to warrant the trebling of damages to provide just compensation pursuant to 35 U.S.C. § 284.

186.    Unless the Infringement Counterclaim Defendants are enjoined by this Court from continuing their infringement of the '629 Patent, Vizio will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## DEMAND FOR JURY TRIAL

187.   Pursuant to Fed. R. Civ. P. 38, Vizio respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vizio prays for relief as follows:

188.   A declaration that the Patents-in-Suit are not infringed;

189.   A declaration that the Patents-in-Suit are invalid;

190.   Denying the Declaratory Judgment Counterclaim Defendants' requests for relief;

191.   That the Infringement Counterclaim Defendants be found to have infringed the Vizio Patents and that such infringement be found to have been willful:

192.   That the Infringement Counterclaim Defendants be ordered to account for and pay over to Vizio cumulative damages adequate to compensate Vizio for the Infringement Counterclaim Defendants' infringement of the Vizio Patents;

193.   That the amount of Vizio's recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Vizio pursuant to 35 U.S.C. § 284;

194.   That the Infringement Counterclaim Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, representatives and any person and/or entities acting for, with, by, through, in concert with, or in participation with them, or any of them, be enjoined permanently from:

a.   further infringement of each of the Vizio Patents pursuant to 35 U.S.C. §271, either directly or contributorily; and

b.   from inducing others to infringe the Vizio Patents.

195.   Declaring this an exceptional case under 35 U.S.C. § 285 and awarding Vizio its costs, expenses and attorneys' fees in this action;

30

196.    That Vizio be awarded any prejudgment interest; and

197.    That Vizio be granted such other and additional relief as the Court deems just and proper.

Dated: June 22, 2012

Respectfully submitted,

_____ /s/ Daniel L. Moffett _____
Kevin G. McBride *(pro hac vice)*
kmcbride@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: 213.254.1200
Facsimile:  213.254.1201

Todd E. Landis
State Bar No. 24030226
tlandis@akingump.com
Eric J. Klein
State Bar No. 24041258
eklein@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2800
Facsimile:  214.969.4343

Daniel L. Moffett
State Bar No. 24051068
dmoffett@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: 210.281.7000
Facsimile: 210.224.2035

**ATTORNEYS FOR DEFENDANT
AND COUNTERCLAIMANT VIZIO, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 22, 2012.

*/s/ Daniel L. Moffett*
Daniel L. Moffett

33