**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., ET AL., | |
| Plaintiffs, | CIVIL ACTION NO. 2:10-CV-260-JRG |
| v. | Judge: Hon. Rodney Gilstrap |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., ET AL., | **JURY TRIAL DEMANDED** |
| Defendants. | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., ET AL., | |
| Counterclaim-Plaintiffs, | |
| v. | |
| HITACHI CONSUMER ELECTRONICS CO., LTD., ET AL., | |
| Counterclaim-Defendants. | |

**TPV DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS**

Defendants TPV International (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Taiwan) Co., Ltd.; Top Victory Electronics (Fujian) Co., Ltd.; TPV Electronics (Fujian) Co., Ltd.; and TPV Technology, Ltd. (collectively, "the TPV Defendants") state for their Answer to the Complaint filed by Hitachi Consumer Electronics Co., Ltd. and Hitachi Advanced Digital, Inc. ("Plaintiffs") as follows:

**ANSWER**

1.      The TPV Defendants admit that the Complaint purports to allege claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*

2.      The TPV Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis deny them.

3.      The TPV Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis deny them.

4.      The TPV Defendants admit that Top Victory Electronics (Taiwan) Co., Ltd. is a corporation organized under the laws of Taiwan, and that it maintains its principal place of business at 10F, No. 230, Liancheng Road, Zhounghe City, Taipei County, Taiwan. The TPV Defendants deny any remaining allegations.

5.      The TPV Defendants admit that TPV International (USA), Inc. is a corporation organized under the laws of the State of California, that it maintains its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731, and that it has a registered agent at 350 North St. Paul Street, Dallas, Texas 75201.  TPV Defendants deny any remaining allegations.

6.      The TPV Defendants admit that Envision Peripherals, Inc. is a corporation organized under the laws of California, that it maintains its principal place of business at 47490 Seabridge Drive, Fremont, California 94538, and that it has a registered agent at 350 North St. Paul Street, Dallas, Texas 75201.  TPV Defendants deny any remaining allegations.

7.      The TPV Defendants admit that Top Victory Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, and that it maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.   TPV Defendants deny any remaining allegations.

8.      The TPV Defendants admit that TPV Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, and that it maintains its principal place of

business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.   TPV Defendants deny any remaining allegations.

9.      The TPV Defendants admit that TPV Technology, Ltd is a corporation organized under the laws of Bermuda, and that it maintains its principal place of business at Suite 1023, Ocean Centre, Harbour City, Kowloon, Hong Kong.  TPV Defendants deny any remaining allegations.

10.     The TPV Defendants deny each and every allegation of paragraph 10, except the TPV Defendants admit that the entities collectively referred to in the Complaint as "TPV" have certain business and/or corporate relationships among them.

11.     The TPV Defendants state that the allegations of paragraph 11 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

12.     The TPV Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 12 related to Plaintiff's corporate structure, principal place of business, and products, and on that basis deny them.  The TPV Defendants deny that Plaintiffs have been or continue to be harmed by any action taken by the TPV Defendants.  The TPV Defendants specifically deny any and all allegations of infringement of the patents-in-suit.

13.     The TPV Defendants admit that the Complaint purports to assert claims for patent infringement arising under Title 35 of the United States Code.  The TPV Defendants admit that subject matter jurisdiction in this Court, and venue in this District, purport to be based upon the statutes cited.   The TPV Defendants admit that the Complaint alleges infringement of U.S. Patent Nos. 5,502,497, 5,534,934, 6,037,995, 6,388,713, 6,549,243, 7,012,769, 7,286,310,  6,144,412, 7,889,281, and 8,009,375 ("Patents-in-Suit").  The TPV Defendants deny any remaining allegations.

14.     The TPV Defendants admit that one or more of them manufactures televisions. The TPV Defendants deny each and every remaining allegation set forth in paragraph 14.

15.     The TPV Defendants state that the allegations of paragraph 15 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.

16.     The TPV Defendants deny each and every allegation of paragraph 16, except the TPV Defendants admit that the entities referred to in this paragraph as the "six TPV defendants" have certain business and/or corporate relationships among them.  The TPV Defendants specifically deny any and all allegations of infringement of the patents-in-suit.

17.     The TPV Defendants deny each and every allegation of paragraph 17 except that the TPV Defendants admit that one or more of them manufactures and sells certain televisions to Vizio, including televisions identified with the following Vizio model numbers: E320VA, E420VT, M220VA, and VA26LHDTV10T.  Certain of the allegations of paragraph 17 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.  The TPV Defendants specifically deny any and all allegations of infringement of the patents-in-suit.

**COUNT I -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,052,497**

18.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

19.     The TPV Defendants admit that U.S. Patent No. 5,052,497 ("the '497 Patent") is entitled "TELEVISION BROADCASTING METHOD AND SYSTEM ENABLING PICTURE BROADCASTING FROM THE TRANSMITTING EQUIPMENT TO THE RECEIVING EQUIPMENT USING ALTERNATIVE BROADCASTING SYSTEM STANDARDS," and that the '497 Patent bears an issuance date of March 26, 1996.  The TPV Defendants deny any remaining allegations in paragraph 19, and specifically deny that the '497

4

Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO").

20.     The TPV Defendants deny the allegations of paragraph 20.

21.     The TPV Defendants deny each and every allegation set forth in paragraph 21, and specifically deny that they have infringed or are infringing any claim of the '497 Patent. Certain of the allegations of paragraph 21 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

22.     The TPV Defendants state that the allegations of paragraph 22 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

23.     The TPV Defendants deny each and every allegation set forth in paragraph 23, and specifically deny that they have infringed or are infringing any claim of the '497 Patent.

24.     The TPV Defendants deny each and every allegation set forth in paragraph 24, and specifically deny that they have infringed or are infringing any claim of the '497 Patent.

25.     The TPV Defendants deny each and every allegation set forth in paragraph 25, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

**COUNT II -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,534,934**

26.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

27.     The TPV Defendants admit that U.S. Patent No. 5,534,934 ("the '934 Patent") is entitled "TELEVISION RECEIVER CAPABLE OF ENLARGING AND COMPRESSING IMAGE," and that the '934 Patent bears an issuance date of July 9, 1996.   The TPV

Defendants deny the remaining allegations in paragraph 27, and specifically deny that the '934 Patent was duly and legally issued by the USPTO.

28.     The TPV Defendants deny the allegations of paragraph 28.

29.     The TPV Defendants deny each and every allegation set forth in paragraph 29, and specifically deny that they have infringed or are infringing any claim of the '934 Patent. Certain of the allegations of paragraph 29 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

30.     The TPV Defendants state that the allegations of paragraph 30 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

31.     The TPV Defendants deny each and every allegation set forth in paragraph 31, and specifically deny that they have infringed or are infringing any claim of the '934 Patent.

32.     The TPV Defendants deny each and every allegation set forth in paragraph 32, and specifically deny that they have infringed or are infringing any claim of the '934 Patent.

33.     The TPV Defendants deny each and every allegation set forth in paragraph 33, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

**COUNT III -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,037,995**

34.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

35.     The TPV Defendants admit that U.S. Patent No. 6,037,995 ("the '995 Patent") is entitled "BROADCASTING AND COMMUNICATION RECEIVER APPARATUS," and that the '995 Patent bears an issuance date of March 14, 2000.  The TPV Defendants deny the

remaining allegations in paragraph 35 and specifically deny that the '995 Patent was duly and legally issued by the USPTO.

36.     The TPV Defendants deny the allegations of paragraph 36.

37.     The TPV Defendants deny each and every allegation set forth in paragraph 37, and specifically deny that they have infringed or are infringing any claim of the '995 Patent. Certain of the allegations of paragraph 37 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

38.     The TPV Defendants state that the allegations of paragraph 38 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

39.     The TPV Defendants deny each and every allegation set forth in paragraph 39, and specifically deny that they have infringed or are infringing any claim of the '995 Patent.

40.     The TPV Defendants deny each and every allegation set forth in paragraph 40, and specifically deny that they have infringed or are infringing any claim of the '995 Patent.

41.     The TPV Defendants deny each and every allegation set forth in paragraph 41, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

**COUNT IV -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,388,713**

42.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

43.     TPV Defendants admit that U.S. Patent No. 6,388,713 ("the '713 Patent") is entitled "IMAGE DISPLAY APPARATUS, AND METHOD TO PREVENT OR LIMIT USER ADJUSTMENT OF DISPLAYED IMAGE QUALITY," and that the '713 Patent bears an issuance date of January 28, 2003.  TPV Defendants deny any remaining allegations in

paragraph 43, and specifically deny that the '713 Patent was duly and legally issued by the USPTO.

44.     The TPV Defendants deny the allegations of paragraph 44.

45.     The TPV Defendants deny the allegations of paragraph 45.

46.     The TPV Defendants deny each and every allegation set forth in paragraph 46, and specifically deny that they have infringed or are infringing any claim of the '713 Patent. Certain of the allegations of paragraph 46 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

47.     The TPV Defendants state that the allegations of paragraph 47 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

48.     The TPV Defendants deny each and every allegation set forth in paragraph 48, and specifically deny that they have infringed or are infringing any claim of the '713 Patent.

49.     The TPV Defendants deny each and every allegation set forth in paragraph 49, and specifically deny that they have infringed or are infringing any claim of the '713 Patent.

50.     The TPV Defendants deny each and every allegation set forth in paragraph 50, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

## COUNT V -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,549,243

51.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

52.     The TPV Defendants admit that U.S. Patent No. 6,549,243 ("the '243 Patent") is entitled "DIGITAL BROADCAST RECEIVER UNIT," and that the '243 Patent bears an issuance date of April 15, 2003.  The TPV Defendants deny any remaining allegations in

paragraph 52, and specifically deny that the '243 Patent was duly and legally issued by the USPTO.

53.    The TPV Defendants deny the allegations of paragraph 53.

54.    The TPV Defendants deny each and every allegation set forth in paragraph 54, and specifically deny that they have infringed or are infringing any claim of the '243 Patent. Certain of the allegations of paragraph 54 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

55.    The TPV Defendants state that the allegations of paragraph 55 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

56.    The TPV Defendants deny each and every allegation set forth in paragraph 56, and specifically deny that they have infringed or are infringing any claim of the '243 Patent.

57.    The TPV Defendants deny each and every allegation set forth in paragraph 57, and specifically deny that they have infringed or are infringing any claim of the '243 Patent.

58.    The TPV Defendants deny each and every allegation set forth in paragraph 58, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

## COUNT VI -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,012,769

59.    The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

60.    The TPV Defendants admit that U.S. Patent No. 7,012,769 ("the '769 Patent") is entitled "DIGITAL INFORMATION RECORDING/REPRODUCING APPARATUS," and that the '769 Patent bears an issuance date of March 14, 2006.  The TPV Defendants deny any

remaining allegations in paragraph 60, and specifically deny that the '769 Patent was duly and legally issued by the USPTO.

61.     The TPV Defendants deny the allegations of paragraph 61.

62.     The TPV Defendants deny each and every allegation set forth in paragraph 62, and specifically deny that they have infringed or are infringing any claim of the '769 Patent. Certain of the allegations of paragraph 62 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

63.     The TPV Defendants state that the allegations of paragraph 63 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

64.     The TPV Defendants deny each and every allegation set forth in paragraph 64, and specifically deny that they have infringed or are infringing any claim of the '769 Patent.

65.     The TPV Defendants deny each and every allegation set forth in paragraph 65, and specifically deny that they have infringed or are infringing any claim of the '769 Patent.

66.     The TPV Defendants deny each and every allegation set forth in paragraph 66, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

## COUNT VII -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,286,310

67.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

68.     The TPV Defendants admit that U.S. Patent No. 7,286,310 ("the '310 Patent") is entitled "APPARATUS FOR RECEIVING COMPRESSED DIGITAL INFORMATION," and that the '310 Patent bears an issuance date of October 23, 2007.  The TPV Defendants

deny the remaining allegations in paragraph 68, and specifically deny that the '310 Patent was duly and legally issued by the USPTO.

69.     The TPV Defendants deny the allegations of paragraph 69.

70.     The TPV Defendants deny each and every allegation set forth in paragraph 70, and specifically deny that they have infringed or are infringing any claim of the '310 Patent. Certain of the allegations of paragraph 70 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

71.     The TPV Defendants state that the allegations of paragraph 71 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

72.     The TPV Defendants deny each and every allegation set forth in paragraph 72, and specifically deny that they have infringed or are infringing any claim of the '310 Patent.

73.     The TPV Defendants deny each and every allegation set forth in paragraph 73, and specifically deny that they have infringed or are infringing any claim of the '310 Patent.

74.     The TPV Defendants deny each and every allegation set forth in paragraph 74, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

**COUNT VIII -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,144,412**

75.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

76.     The TPV Defendants admit that U.S. Patent No. 6,144,412 ("the '412 Patent") is entitled "METHOD AND CIRCUIT FOR SIGNAL PROCESSING OF FORMAT CONVERSION OF PICTURE SIGNAL," and that the '412 Patent bears an issuance date of

November 7, 2000.  The TPV Defendants deny any remaining allegations in paragraph 76, and specifically deny that the '412 Patent was duly and legally issued by the USPTO.

77.     The TPV Defendants deny the allegations of paragraph 77.

78.     The TPV Defendants deny each and every allegation set forth in paragraph 78, and specifically deny that they have infringed or are infringing any claim of the '412 Patent. Certain of the allegations of paragraph 78 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

79.     The TPV Defendants state that the allegations of paragraph 79 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

80.     The TPV Defendants deny each and every allegation set forth in paragraph 80, and specifically deny that they have infringed or are infringing any claim of the '412 Patent.

81.     The TPV Defendants deny each and every allegation set forth in paragraph 81, and specifically deny that they have infringed or are infringing any claim of the '412 Patent.

82.     The TPV Defendants deny each and every allegation set forth in paragraph 82, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

**COUNT IX -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,889,281 B2**

83.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

84.     The TPV Defendants admit that U.S. Patent No. 7,889,281 B2 ("the '281 Patent) is entitled "DIGITAL BROADCAST RECEIVER UNIT," and that the '281 Patent bears an issuance date of February 15, 2011.  The TPV Defendants deny any remaining allegations in

paragraph 84, and specifically deny that the '281 Patent was duly and legally issued by the USPTO.

85.     The TPV Defendants deny the allegations of paragraph 85.

86.     The TPV Defendants deny each and every allegation set forth in paragraph 86, and specifically deny that they have infringed or are infringing any claim of the '281 Patent. Certain of the allegations of paragraph 86 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

87.     The TPV Defendants state that the allegations of paragraph 87 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

88.     The TPV Defendants admit that they became aware of the '281 patent on May 3, 2012.  The TPV Defendants deny each and every remaining allegation set forth in paragraph 88.

89.     The TPV Defendants deny each and every allegation set forth in paragraph 89, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

## COUNT X -- ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,009,375 B2

90.     The TPV Defendants repeat their denials and admissions stated in the preceding paragraphs.

91.     The TPV Defendants admit that  U.S. Patent No. 8,009,375 B2 ("the '375 Patent") is entitled "APPARATUS AND METHOD FOR RECEIVING AND RECORDING DIGITAL INFORMATION," and that the '375 patent bears an issuance date of August 30, 2011.  The TPV Defendants deny any remaining allegations in paragraph 91, and specifically deny that the '375 Patent was duly and legally issued by the USPTO.

92.     The TPV Defendants deny the allegations of paragraph 92.

93.     The TPV Defendants deny each and every allegation set forth in paragraph 93, and specifically deny that they have infringed or are infringing any claim of the '375 Patent. Certain of the allegations of paragraph 93 do not pertain to the TPV Defendants and, on that basis, the TPV Defendants decline to admit or deny same.

94.     The TPV Defendants state that the allegations of paragraph 94 do not pertain to the TPV Defendants and on that basis decline to admit or deny same.  To the extent any of the allegations pertain to the TPV Defendants, the TPV Defendants deny those allegations.

95.     The TPV Defendants admit that they became aware of the '375 patent on May 3, 2012.  The TPV Defendants deny each and every remaining allegation set forth in paragraph 95.

96.     The TPV Defendants deny each and every allegation set forth in paragraph 96, and specifically deny that Plaintiffs have been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of the TPV Defendants.

97.     This paragraph sets forth Plaintiffs' request for a jury trial to which no response is required.

## PLAINTIFFS' PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiffs to which no response is required.  The TPV Defendants deny that Plaintiffs are entitled to any of the requested relief and deny all allegations contained in the prayer for relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, the TPV Defendants plead the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

98.     Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

99.     The TPV Defendants have not engaged in any acts that would constitute infringement of, contributory infringement of, or inducement to infringe, any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

100.    The claims of each of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.

## FOURTH AFFIRMATIVE DEFENSE

101.    Plaintiffs' claims against the TPV Defendants are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

102.    Plaintiffs' claims are barred in whole or in part under the equitable doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

103.    Plaintiffs' claims for relief are barred, in whole or in part, by a failure to provide adequate notice under 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

104.    Plaintiffs may not recover money damages for any infringement committed more than six years prior to the filing of Plaintiffs' Complaint under 35 U.S.C. § 286.

## **RESERVATION OF ADDITIONAL DEFENSES**

The TPV Defendants reserve the right to assert additional defenses that may be

developed through discovery in this action.

## COUNTERCLAIMS

As and for its counterclaims herein, Counterclaim-Plaintiffs TPV International (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Taiwan) Co., Ltd.; Top Victory Electronics (Fujian) Co., Ltd.; TPV Electronics (Fujian) Co., Ltd.; and TPV Technology, Ltd. (collectively "TPV") hereby allege against Counterclaim-Defendants Hitachi Consumer Electronics Co., Ltd. and Hitachi Advanced Digital, Inc. (collectively "Hitachi") as follows:

## THE PARTIES

105.    Top Victory Electronics (Taiwan) Co., Ltd. is a corporation organized under the laws of Taiwan and maintains its principal place of business at 10F, No. 230, Liancheng Road, Zhounghe City, Taipei County, Taiwan.

106.    TPV International (USA), Inc. is a corporation organized under the laws of the State of California and maintains its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731.

107.    Envision Peripherals, Inc. is a corporation organized under the laws of California and maintains its principal place of business at 47490 Seabridge Drive, Fremont, California 94538.

108.    Top Victory Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China and maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.

109.    TPV Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, and maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.

110.    TPV Technology, Ltd is a corporation organized under the laws of Bermuda and maintains its principal place of business at Suite 1023, Ocean Centre, Harbour City, Kowloon, Hong Kong.

111.    TPV is informed and believes, and thereupon alleges that Hitachi Consumer Electronics Co. Ltd. is a corporation organized under the laws of Japan with its principal place of business at 2-1, Otemachi 2-chome Chiyoda-ku, Tokyo Japan.

112.    TPV is informed and believes, and thereupon alleges that Hitachi Advanced Digital, Inc. is a corporation organized under the laws of Japan with its principal place of business at 292, Yoshidacho, Totsuka-Ku, Yokohama, Kanagawa, Japan.

## JURISDICTION AND VENUE

113.    These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States 35 U.S.C. § 1 *et seq*.

114.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 in combination with 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists under the Declaratory Judgment Act because Hitachi has asserted and is asserting infringement of the Patents-in-Suit by TPV and TPV denies those assertions.

115.    By filing its Complaint, Hitachi has consented to the personal jurisdiction of this Court.

116.    To the extent this action remains in this judicial district, venue is appropriate because Hitachi consented to this venue by filing its Complaint here, and the present counterclaims are in response to the allegations contained in the Complaint.

## COUNT I -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '497 PATENT

117.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

118.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '497 Patent, as Hitachi contends, or does not do so, as TPV contends.

119.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '497 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '497 Patent.

## COUNT II -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '497 PATENT

120.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

121.    An actual controversy exists between TPV and Hitachi as to whether the '497 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

122.    TPV hereby seeks a judicial declaration that the claims of the '497 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '497 Patent.

## COUNT III -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '934 PATENT

123.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

124.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '934 Patent, as Hitachi contends, or does not do so, as TPV contends.

125.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '934 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '934 Patent.

## COUNT IV -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '934 PATENT

126.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

127.    An actual controversy exists between TPV and Hitachi as to whether the '934 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

128.    TPV hereby seeks a judicial declaration that the claims of the '934 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '934 Patent.

## COUNT V -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '995 PATENT

129.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

130.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '995 Patent, as Hitachi contends, or does not do so, as TPV contends.

131.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '995 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '995 Patent.

## COUNT VI -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '995 PATENT

132.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

133.    An actual controversy exists between TPV and Hitachi as to whether the '995 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

134.    TPV hereby seeks a judicial declaration that the claims of the '995 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '995 Patent.

## COUNT VII -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '713 PATENT

135.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

136.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '713 Patent, as Hitachi contends, or does not do so, as TPV contends.

137.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '713 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '713 Patent.

## COUNT VIII -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '713 PATENT

138.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

139.    An actual controversy exists between TPV and Hitachi as to whether the '713 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

140.    TPV hereby seeks a judicial declaration that the claims of the '713 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '713 Patent.

## COUNT IX -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '243 PATENT

141.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

142.     An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '243 Patent, as Hitachi contends, or does not do so, as TPV contends.

143.     TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '243 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '243 Patent.

## COUNT X -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '243 PATENT

144.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

145.     An actual controversy exists between TPV and Hitachi as to whether the '243 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

146.     TPV hereby seeks a judicial declaration that the claims of the '243 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '243 Patent.

## COUNT XI -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '769 PATENT

147.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

148.     An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '769 Patent, as Hitachi contends, or does not do so, as TPV contends.

149.     TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '769 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '769 Patent.

## COUNT XII -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '769 PATENT

150.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

151.     An actual controversy exists between TPV and Hitachi as to whether the '769 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

152.     TPV hereby seeks a judicial declaration that the claims of the '769 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '769 Patent.

## COUNT XIII -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '310 PATENT

153.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

154.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '310 Patent, as Hitachi contends, or does not do so, as TPV contends.

155.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '310 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '310 Patent.

## COUNT XIV -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '310 PATENT

156.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

157.    An actual controversy exists between TPV and Hitachi as to whether the '310 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

158.    TPV hereby seeks a judicial declaration that the claims of the '310 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '310 Patent.

## COUNT XV -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '412 PATENT

159.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

160.     An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '412 Patent, as Hitachi contends, or does not do so, as TPV contends.

161.     TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '412 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '412 Patent.

## COUNT XVI -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '412 PATENT

162.     TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

163.     An actual controversy exists between TPV and Hitachi as to whether the '412 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

164.     TPV hereby seeks a judicial declaration that the claims of the '412 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '412 Patent.

## COUNT XVII -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '281 PATENT

165.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

166.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '281 Patent, as Hitachi contends, or does not do so, as TPV contends.

167.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '281 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '281 Patent.

## COUNT XVIII -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '281 PATENT

168.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

169.    An actual controversy exists between TPV and Hitachi as to whether the '281 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

170.    TPV hereby seeks a judicial declaration that the claims of the '281 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '281 Patent.

## COUNT XVII -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '375 PATENT

171.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

172.    An actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '375 Patent, as Hitachi contends, or does not do so, as TPV contends.

173.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '375 Patent.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '375 Patent.

## COUNT XX -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '375 PATENT

174.    TPV incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

175.    An actual controversy exists between TPV and Hitachi as to whether the '375 Patent is valid, as Hitachi contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as TPV contends.

176.    TPV hereby seeks a judicial declaration that the claims of the '375 Patent are invalid for failure to meet the conditions for patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '375 Patent.

## DEMAND FOR JURY TRIAL

177.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TPV demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Defendants and Counterclaim-Plaintiffs TPV International (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Taiwan) Co., Ltd.; Top Victory Electronics (Fujian) Co., Ltd.; TPV Electronics (Fujian) Co., Ltd.; and TPV Technology, Ltd. request the following relief:

1.    A judgment in favor of the TPV Defendants denying the Plaintiffs all relief requested in this action and dismissing Plaintiffs' Complaint for patent infringement with prejudice;

2.    A judgment declaring that each claim of
the '497, '934, '995, '713, '243, '769, '310, '412, '281, and '375 Patents are invalid;

3.    A judgment declaring that the TPV Defendants have not infringed and are not infringing and have not induced infringement and are not inducing infringement of any valid and enforceable claim of the '497, '934, '995, '713, '243, '769, '310, '412, '281, and '375 Patents;

4.    A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding the TPV Defendants their costs, expenses, and reasonable attorneys' fees; and

5.    That the Court award the TPV Defendants such other and further relief to which they may be entitled.

Dated: June 22, 2012

By:  /s/ Brian M. Berliner

Mark A. Samuels (*Pro Hac Vice*) - *Lead Counsel*
Brian M. Berliner (*Pro Hac Vice*)
Vision L. Winter (*Pro Hac Vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX  75701
Telephone and Fax:  (903) 705-1117

Attorneys for Defendants and Counterclaim-
Plaintiffs Top Victory Electronics (Taiwan) Co.,
Ltd., TPV International (USA), Inc., Envision
Peripherals, Inc., Top Victory Electronics
(Fujian) Co., Ltd., TPV Electronics (Fujian)
Co., Ltd., and TPV Technology, Ltd.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this 22nd day of June, 2012.

*/s/* Vision L. Winter

OMM_US:70753926.2