**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC. | |
| Plaintiff, | CIVIL ACTION NO. 2:10-CV-260-JRG |
| v. | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC., | **JURY** |
| Defendants; | |
| and | |
| VIZIO, INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| HITACHI, LTD., HITACHI CONSUMER ELECTRONICS CO., LTD., HITACHI ADVANCED DIGITAL, INC., HITACHI AMERICA, LTD., and HITACHI HOME ELECTRONICS (AMERICA), INC. | |
| Counterclaim-Defendants, | |

**HITACHI CONSUMER ELECTRONICS CO., LTD.'S AND**
**HITACHI ADVANCED DIGITAL, INC.'S ANSWER TO**
**VIZIO, INC.'S COUNTERCLAIMS DATED JUNE 22, 2012**

Plaintiffs and Counterclaim-Defendants Hitachi Consumer Electronics Co., Ltd. ("HCE") and Hitachi Advanced Digital, Inc. ("HAD") and Counterclaim-Defendants Hitachi, Ltd., Hitachi America, Ltd. ("HA"), and Hitachi Home Electronics (America), Inc. ("HHEA") (collectively, "Counterclaim-Defendants") submit their Answer to the Counterclaims filed by Defendant Vizio, Inc. ("Vizio") in its Answer to First Amended Complaint and Counterclaims dated June 22, 2012 ("Answer" or "Counterclaims").

## THE PARTIES

105.    Upon information and belief, Counterclaim-Defendants admit the allegations in Paragraph 105.

106.    Counterclaim-Defendants admit that Hitachi, Ltd. is a corporation organized under the laws of Japan with its principal place of business at 1-6-6, Marunouchi, Chiyoda-ku, Tokyo, 100-8280, Japan.  Counterclaim-Defendants further admit that Hitachi, Ltd. is the direct or indirect parent of each of the other Counterclaim-Defendants.  Counterclaim-Defendants deny any remaining allegations in Paragraph 106.

107.    Counterclaim-Defendants admit that HCE is a corporation organized under the laws of Japan with its principal place of business at 2-1, Otemachi 2-chome, Chiyoda-ku, Tokyo, Japan.  Counterclaim-Defendants deny any remaining allegations in Paragraph 107.

108.    Counterclaim-Defendants admit that HAD is a corporation organized under the laws of Japan with its principal place of business at 292, Yoshidacho, Totsuka-Ku, Yokohama, Kanagawa, Japan.  Counterclaim-Defendants deny any remaining allegations in Paragraph 108.

109.    Counterclaim-Defendants admit that HA is a corporation organized under the laws of New York with its principal place of business at 50 Prospect Avenue, Tarrytown, NY

10591.  Counterclaim-Defendants further admit that HA sells digital televisions in the United States.  Counterclaim-Defendants deny any remaining allegations in Paragraph 109.

110.     Counterclaim-Defendants admit that HHEA is a corporation organized under the laws of California with its principal place of business at 900 Hitachi Way, Chula Vista, CA 91914.  Counterclaim-Defendants deny any remaining allegations in Paragraph 110.

111.     Counterclaim-Defendants admit that Vizio's Answer refers to HCE and HAD collectively as the "Declaratory Judgment Defendants."

112.     Counterclaim-Defendants admit that Vizio's Answer refers to Hitachi, Ltd., HCE, HAD, HA, and HHEA collectively as the "Infringement Counterclaim Defendants."

## JURISDICTION AND VENUE

113.     Counterclaim-Defendants admit that Vizio's counterclaims purport to state claims arising under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq., and under the patent laws of the United States, Title 35, United States Code.  Counterclaim-Defendants deny any remaining allegations in Paragraph 113.

114.     On information and belief, Counterclaim-Defendants admit that this Court has subject matter jurisdiction over Vizio's counterclaim for infringement of U.S. Patent No. 5,396,518, but deny that this Court has subject matter jurisdiction over Vizio's counterclaims for infringement of the other Vizio Patents.  Counterclaim-Defendants deny any remaining allegations in Paragraph 114.

115.     Counterclaim-Defendants admit that HCE and HAD are subject to personal jurisdiction in this judicial district by virtue of the fact that HCE and HAD brought patent

infringement claims in this judicial district.  Counterclaim-Defendants deny any remaining allegations in Paragraph 115.

116.    Counterclaim-Defendants admit that HCE, HAD, and HA are subject to personal jurisdiction in this judicial district for purposes of this case.  Counterclaim-Defendants deny any remaining allegations in Paragraph 116.

117.    Denied.

118.    Counterclaim-Defendants admit that venue in this judicial district is proper for HCE, HAD, and HA.  Counterclaim-Defendants deny any remaining allegations in Paragraph 118.

## VIZIO'S DECLARATORY JUDGMENT COUNTERCLAIM

119.    Counterclaim-Defendants admit that HCE and HAD brought suit against Vizio and others for infringement of U.S. Patent Nos. 5,502,497, 5,534,934, 6,037,995, 6,388,713, 6,549,243, 7,012,769, 7,286,310, 6,144,412, 7,889,281 and 8,009,375 (the "Hitachi Patents"). Counterclaim-Defendants admit that Vizio denies infringement of the Hitachi Patents and alleges affirmative defenses of noninfringement, estoppel, statutory invalidity, laches, marking and notice, license and exhaustion, and prosecution laches.  Counterclaim-Defendants further admit that there is a substantial, actual and continuing controversy between HCE and Vizio and between HAD and Vizio as to:  (a) infringement of the Hitachi Patents; and (b) Vizio's affirmative defenses to infringement of the Hitachi Patents.  Counter-Defendants deny any remaining allegations in Paragraph 119.

120.    Denied.

121.    Denied.

- 4 -

122.    Denied.

123.    Counterclaim-Defendants admit that Vizio's infringement of the Hitachi Patents presents an exceptional case under 35 U.S.C. § 285.  Counterclaim-Defendants deny any remaining allegations in Paragraph 123.

**VIZIO'S COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,511,096**

124.    To the extent Vizio's reference to "the preceding paragraphs" refers to Paragraphs 105-123 of its Counterclaims, Counterclaim-Defendants repeat and reallege their responses to those paragraphs as if set forth herein.  To the extent Vizio's reference to "the preceding paragraphs" is intended to refer to anything other than Paragraphs 105-123 of Vizio's Counterclaims, the ambiguity of that reference makes it impossible for Counterclaim-Defendants to identify the paragraphs to which Vizio is referring, and Counterclaim-Defendants therefore deny them.  Counterclaim-Defendants reserve their right to amend this response in the event Vizio clarifies its reference to "the preceding paragraphs."

125.    Admitted, upon information and belief.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

## VIZIO'S COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,621,761

133.   To the extent Vizio's reference to "the preceding paragraphs" refers to Paragraphs 105-132 of its Counterclaims, Counterclaim-Defendants repeat and reallege their responses to those paragraphs as if set forth herein.  To the extent Vizio's reference to "the preceding paragraphs" is intended to refer to anything other than Paragraphs 105-132 of Vizio's Counterclaims, the ambiguity of that reference makes it impossible for Counterclaim-Defendants to identify the paragraphs to which Vizio is referring, and Counterclaim-Defendants therefore deny them.  Counterclaim-Defendants reserve their right to amend this response in the event Vizio clarifies its reference to "the preceding paragraphs."

134.   Admitted, upon information and belief.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

## VIZIO'S COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,703,887

142.   To the extent Vizio's reference to "the preceding paragraphs" refers to Paragraphs 105-141 of its Counterclaims, Counterclaim-Defendants repeat and reallege their responses to those paragraphs as if set forth herein.  To the extent Vizio's reference to "the preceding paragraphs" is intended to refer to anything other than Paragraphs 105-141 of Vizio's

Counterclaims, the ambiguity of that reference makes it impossible for Counterclaim-Defendants to identify the paragraphs to which Vizio is referring, and Counterclaim-Defendants therefore deny them.  Counterclaim-Defendants reserve their right to amend this response in the event Vizio clarifies its reference to "the preceding paragraphs."

143.    Admitted, upon information and belief.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

**VIZIO'S COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,745,522**

151.    To the extent Vizio's reference to "the preceding paragraphs" refers to Paragraphs 105-150 of its Counterclaims, Counterclaim-Defendants repeat and reallege their responses to those paragraphs as if set forth herein.  To the extent Vizio's reference to "the preceding paragraphs" is intended to refer to anything other than Paragraphs 105-150 of Vizio's Counterclaims, the ambiguity of that reference makes it impossible for Counterclaim-Defendants to identify the paragraphs to which Vizio is referring, and Counterclaim-Defendants therefore deny them.  Counterclaim-Defendants reserve their right to amend this response in the event Vizio clarifies its reference to "the preceding paragraphs."

152.    Admitted, upon information and belief.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

## VIZIO'S COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,511,082

160. To the extent Vizio's reference to "the preceding paragraphs" refers to Paragraphs 105-159 of its Counterclaims, Counterclaim-Defendants repeat and reallege their responses to those paragraphs as if set forth herein. To the extent Vizio's reference to "the preceding paragraphs" is intended to refer to anything other than Paragraphs 105-159 of Vizio's Counterclaims, the ambiguity of that reference makes it impossible for Counterclaim-Defendants to identify the paragraphs to which Vizio is referring, and Counterclaim-Defendants therefore deny them. Counterclaim-Defendants reserve their right to amend this response in the event Vizio clarifies its reference to "the preceding paragraphs."

161. Admitted, upon information and belief.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167.     Denied.

168.     Denied.

## VIZIO'S COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,396,518

169.     To the extent Vizio's reference to "the preceding paragraphs" refers to Paragraphs 105-168 of its Counterclaims, Counterclaim-Defendants repeat and reallege their responses to those paragraphs as if set forth herein.  To the extent Vizio's reference to "the preceding paragraphs" is intended to refer to anything other than Paragraphs 105-168 of Vizio's Counterclaims, the ambiguity of that reference makes it impossible for Counterclaim-Defendants to identify the paragraphs to which Vizio is referring, and Counterclaim-Defendants therefore deny them.  Counterclaim-Defendants reserve their right to amend this response in the event Vizio clarifies its reference to "the preceding paragraphs."

170.     Admitted, upon information and belief.

171.     Counterclaim-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171 and therefore deny them.

172.     Denied.

173.     Denied.

174.     Denied.

175.     Denied.

176.     Denied.

177.     Denied.

## VIZIO'S COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 5,233,629

178.    To the extent Vizio's reference to "the preceding paragraphs" refers to Paragraphs 105-177 of its Counterclaims, Counterclaim-Defendants repeat and reallege their responses to those paragraphs as if set forth herein.  To the extent Vizio's reference to "the preceding paragraphs" is intended to refer to anything other than Paragraphs 105-177 of Vizio's Counterclaims, the ambiguity of that reference makes it impossible for Counterclaim-Defendants to identify the paragraphs to which Vizio is referring, and Counterclaim-Defendants therefore deny them.  Counterclaim-Defendants reserve their right to amend this response in the event Vizio clarifies its reference to "the preceding paragraphs."

179.    Admitted, upon information and belief.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

## VIZIO'S DEMAND FOR JURY TRIAL

187.    Counterclaim-Defendants admit that Vizio has requested a jury trial, as do Counterclaim-Defendants, for all issues so triable.

## **VIZIO'S PRAYER FOR RELIEF**

188.    Counterclaim-Defendants admit that Vizio prays for a declaration that the Hitachi Patents are not infringed, but deny that Vizio is entitled to that relief.

189.    Counterclaim-Defendants admit that Vizio prays for a declaration that the Hitiachi Patents are invalid, but deny that Vizio is entitled to that relief.

190.    Counterclaim-Defendants admit that Vizio prays for the Court to deny HCE's and HAD's requests for relief, but deny that Vizio is entitled to the relief it requests.

191.    Counterclaim-Defendants admit that Vizio prays for Counterclaim-Defendants to be found to have infringed the Vizio Patents and that such infringement be found to have been willful, but deny that Vizio is entitled to that relief.

192.    Counterclaim-Defendants admit that Vizio prays for Counterclaim-Defendants to be ordered to account for and pay over to Vizio cumulative damages adequate to compensate Vizio for infringement of the Vizio Patents, but deny that Vizio is entitled to that relief.

193.    Counterclaim-Defendants admit that Vizio prays for its recovery to be increased up to three times, and that interest and costs be awarded to Vizio pursuant to 35 U.S.C. § 284, but deny that Vizio is entitled to that relief.

194.    Counterclaim-Defendants admit that Vizio prays for an injunction against Counterclaim-Defendants and their "officers, directors, agents, servants, employees, attorneys, confederates, representatives and any person and/or entities acting for, with, by, through, in concert with, or in participation with them, or any of them" to prevent them from engaging in activities that Vizio alleges constitute direct infringement, contributory infringement, and/or inducing infringement of the Vizio Patents, but deny that any such infringement or inducement

has occurred or is occurring.  Counterclaim-Defendants further deny that Vizio is entitled to the relief requested in Paragraph 194.

195.    Counterclaim-Defendants admit that Vizio prays for the Court to:  (a) declare this an exceptional case under 35 U.S.C. § 285; and (b) award Vizio its costs, expenses and attorneys' fees in this action.  Counterclaim-Defendants further admit that Vizio's infringement of the Hitachi Patents presents an exceptional case under 35 U.S.C. § 285, but otherwise deny that Vizio is entitled to the relief requested in Paragraph 195.

196.    Counterclaim-Defendants admit that Vizio prays to be awarded any prejudgment interest, but deny that Vizio is entitled to that relief.

197.    Counterclaim-Defendants admit that Vizio prays to be granted such other and additional relief as the Court deems just and proper, but deny that Vizio is entitled to any relief at all.

## COUNTERCLAIM-DEFENDANTS' AFFIRMATIVE DEFENSES

198.    Without admitting that they bear the burden of proof on any issue listed herein as an affirmative defense, and without waiving their right to amend their Answer to add further affirmative defenses as the case proceeds, Counterclaim-Defendants plead the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE – NONINFRINGEMENT

199.    Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

200.     Counterclaim-Defendants have not infringed and are not infringing any claim of any patent Vizio is asserting in this action, either literally, under the doctrine of equivalents, directly, or by inducing or contributing to infringement by others.

## SECOND AFFIRMATIVE DEFENSE – INVALIDITY

201.     Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

202.     Vizio's claims of patent infringement are barred because each patent Vizio is asserting in this action is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 102, 103, and 112, and the judicially created doctrine of obviousness-type double patenting.

## THIRD AFFIRMATIVE DEFENSE – ESTOPPEL, WAIVER, ACQUIESCENCE,  AND/OR IMPLIED LICENSE

203.     Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

204.     Vizio's Counterclaims are barred because the Vizio Patents are unenforceable against the Counterclaim-Defendants under the doctrines of estoppel, waiver, acquiescence, implied license and/or other applicable equitable doctrines.

205.     These defenses are based on the failure of Vizio, Motorola, and/or General Instruments to disclose the Vizio Patents to the Society of Cable Telecommunications Engineers ("SCTE") and/or International Telecommunication Union's Telecommunication Standardization Section ("ITU-T") in violation of the duties they owed as members of those standard-setting organizations.

206.    These defenses are also based on General Instrument Corporation's public announcement, on November 6, 1996, that it would offer royalty-free licenses to GI's essential patents necessary for conforming to ITU-T and SCTE standards.

207.    As a result of the conduct in Paragraphs 205-206 above, Vizio is precluded from seeking injunction and/or damages under the Vizio Patents.

### FOURTH AFFIRMATIVE DEFENSE – EXPRESS OR IMPLIED LICENSE, EXHAUSTION AND/OR WAIVER

208.    Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

209.    Vizio's Counterclaims are barred by reason of an express or implied license, exhaustion, and/or waiver of the Vizio Patents as well as the technology claimed thereunder.

210.    On information and belief, Motorola, GI, NextLevel Systems, Inc. (a GI subsidiary), and/or Vizio granted an express or implied license to one or more of the manufacturers of chips used in the products that Vizio alleges infringe the Vizio Patents, including but not limited to Broadcom, Zoran, and Renesas.  Thus, Counterclaim-Defendants' televisions employing such chips are licensed.

211.    Vizio's rights to restrict the use and sale of products using the licensed chips are exhausted and/or waived by virtue of the above-referenced license(s) to the chip manufacturers. Thus, Vizio is barred from seeking damages or an injunction for such televisions.

### FIFTH AFFIRMATIVE DEFENSE – FAILURE TO MARK OR PROVIDE ACTUAL NOTICE

212.    Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

213.    Vizio has sold digital televisions that include a cable input with QAM decoding, including but not limited to Vizio Model Nos. VA26L, VW22L, and WM190XVT.  Upon information and belief, each Vizio digital television having a cable input with QAM decoding complies with ANSI/SCIE 07 2000 ("the ANSI Standard").

214.    Vizio has alleged that compliance with the ANSI Standard is sufficient for a digital television to infringe each of the Vizio Patents.  Thus, Vizio implicitly contends that its own digital televisions are covered by the Vizio Patents.

215.    Vizio has failed to mark the patent number of any of the Vizio Patents on the product itself or on any of the product packaging or documentation of one or more of its own digital televisions that it implicitly contends are covered by the Vizio Patents, including but not limited to Vizio Model Nos. VA26L, VW22L, and VM190XVT.

216.    On information and belief, Vizio had licensees of the Vizio Patents who sold televisions that included the accused features prior to Vizio asserting the Vizio Patents.  Also, on information and belief, Vizio's licensees under the Vizio Patents failed to mark these products with the patent number of any of the Vizio Patents.

217.    Based on Vizio's implicit contention that its own digital televisions are covered by the Vizio Patents, Vizio's failure to mark the patent numbers of the Vizio Patents on those digital televisions, and Vizio's Licensees' failure to mark the patent numbers of the Vizio Patents on those digital televisions, as referenced in the preceding paragraphs, bars Vizio under 35 U.S.C. § 287 from recovering any damages from Counterclaim-Defendants for conduct occurring before Vizio gave Counterclaim-Defendants actual notice of the Vizio Patents and of Vizio's allegations that Counterclaim-Defendants were infringing those patents.

218.    Vizio failed to provide Counterclaim-Defendants with actual notice under 35

U.S.C. § 287 prior to filing its Counterclaims dated November 29, 2010.  More particularly,

Vizio never notified the Counterclaim-Defendants that they were infringing any patents, and

Vizio never identified any of the Vizio Patents prior to filing its Counterclaims dated November

29, 2010.

## SIXTH AFFIRMATIVE DEFENSE – FAILURE TO JOIN AN INDISPENSIBLE PARTY

219.    Counterclaim-Defendants incorporate by reference as though set forth herein each

of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

220.    At the time inventor Chris Heegard conceived his contributions to the subject

matter of U.S. Patent Nos. 5,233,629, 5,511,082, 5,511,096, 5,621,761, 5,703,887, and 5,745,522

("the Heegard Patents"), he was employed as a faculty member at Cornell University

("Cornell").

221.    While he was a faculty member at Cornell, Mr. Heegard's employment was

subject to contractual provisions, including but not limited to the provisions of the Cornell

University Faculty Handbook (the "Cornell Faculty Handbook") and the Cornell Patent Policy.

222.    At the time Chris Heegard conceived his contributions to the subject matter of the

Heegard Patents, the contractual provisions governing his employment, including but not limited

to those of the Cornell Faculty Handbook and Patent Policy, provided that all patentable

inventions conceived or first reduced to practice by faculty of Cornell University in the course of

the inventor's employment with Cornell belonged to Cornell.  Accordingly, at the time Chris

Heegard conceived his contributions to the subject matter of the Heegard Patents, Cornell owned

those contributions.  Therefore, Cornell owned an undivided interest in:   (a) each of the patent applications that matured into the Heegard Patents; and (b) each of the Heegard Patents.

223.    On information and belief, Cornell never assigned its interest in any of the Heegard Patents to anyone, including but not limited to Vizio.  Thus, Cornell still owns an undivided interest in each of the Heegard Patents.

224.    As an owner of an undivided interest in each of the Heegard Patents, Cornell is an indispensable party to Vizio's counterclaims for infringement of those patents.  Because Cornell has not joined this case as a Counterclaim-Plaintiff with respect to Vizio's counterclaims for infringement of the Heegard Patents, those counterclaims should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE – LACK OF STANDING

225.    Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above, the reservations in paragraph 198 above, and the allegations in Paragraphs 216-220 above.

226.    Because Cornell has an undivided interest in each of the Heegard Patents but has not joined this case as a Counterclaim-Plaintiff with respect to Vizio's counterclaims for infringement of those patents, Vizio lacks standing to bring those counterclaims.  Accordingly, this Court lacks subject matter jurisdiction over Vizio's counterclaims for infringement of the Heegard Patents and must therefore dismiss those counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

227.    Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

228.     To the extent Vizio seeks to recover damages for alleged infringement occurring more than six years before the filing of its infringement counterclaims, such recovery is barred by 35 U.S.C. §286.

### NINTH AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION

229.     Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

230.     Counterclaim-Defendants Hitachi, Ltd. and HHEA do not reside in Texas, nor have they engaged in conduct resulting in sufficient contacts with Texas or this judicial district to subject them to personal jurisdiction in Texas or this judicial district.

231.     Therefore, this Court lacks personal jurisdiction over Hitachi, Ltd. and HHEA and must dismiss Vizio's counterclaims against them.

### TENTH AFFIRMATIVE DEFENSE – IMPROPER VENUE

232.     Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above, the reservations in paragraph 198 above, and the allegations in Paragraphs 226 and 227 above.

233.     None of the Counterclaim-Defendants resides in Texas or can be found in Texas.

234.     Counterclaim-Defendants Hitachi, Ltd. and HHEA have not been involved in any events or omissions in Texas or this judicial district pertaining to Vizio's counterclaims.

235.     As discussed above, this Court lacks personal jurisdiction over Hitachi, Ltd. and HHEA.

236.     Therefore, this judicial district is not a proper venue for Vizio's counterclaims against Hitachi, Ltd. and HHEA, and the Court must dismiss those counterclaims.

## ELEVENTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

237.    Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

238.    Due to amendments and statements made by the applicant(s) and/or the examiner(s) during prosecution of the Vizio Patents, Vizio's counterclaims of patent infringement against Counterclaim-Defendants are barred in whole or in part by the doctrines of prosecution history estoppel and prosecution history disclaimer.

## TWELFTH AFFIRMATIVE DEFENSE – LACHES

239.    Counterclaim-Defendants incorporate by reference as though set forth herein each of their responses in Paragraphs 105-197 above and the reservations in paragraph 198 above.

240.    On information and belief, Vizio and/or its predecessor-in-interest, General Instrument, were or should have been aware of the products that Vizio now accuses of infringing the Vizio Patents, but unreasonably and inexcusably delayed filing suit.

241.    Due to that delay, Counterclaim-Defendants will be materially prejudiced and injured if Vizio is allowed to assert its patent infringement counterclaims.

242.    Vizio's counterclaims of patent infringement are therefore barred, in whole or in part, by the doctrine of laches.

## DEMAND FOR JURY TRIAL

243.    Pursuant to Fed. R. Civ. P. 38, Counterclaim-Defendants request a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Counterclaim-Defendants pray for judgment against Vizio as follows:

A.      A declaration that the Vizio Patents are not and have not been infringed;

B.      A declaration that the Vizio Patents are invalid;

C.      A declaration that the Vizio Patents are unenforceable against Counterclaim-Defendants due to estoppel, waiver, express license, implied license, exhaustion, and laches;

D.      Entry of judgment in favor of Counterclaim-Defendants and against Vizio on Vizio's Counterclaims, and denial of all relief sought by Vizio in its Counterclaims;

E.      A declaration that Vizio's counterclaims of patent infringement against Counterclaim-Defendants are barred by the doctrines of prosecution history estoppel and prosecution history disclaimer;

F.      Dismissal of Vizio's Counterclaims against Counterclaim-Defendants with prejudice;

G.      An order awarding Counterclaim-Defendants their attorneys fees, costs, and expenses; and

H.      Such other, further, or different relief as this Court may deem just and proper.


DATED: July 3, 2012                      Respectfully submitted,

                                         _/s/ Jeffrey B. Plies_____
                                         Martin J. Black - **LEAD ATTORNEY**
                                         martin.black@dechert.com
                                         DECHERT LLP
                                         Cira Centre
                                         2929 Arch Street
                                         Philadelphia, PA 19104
                                         (215) 994-4000


                                         Jeffrey B. Plies
                                         jeffrey.plies@dechert.com
                                         Stephen Dartt

Stephen.dartt@dechert.com
DECHERT LLP
300 W. 6th Street
Suite 2010
Austin, TX 78701
(512) 394-3000

Otis W. Carroll
Tex. Bar No. 03895700
Patrick Kelley
Tex. Bar No. 11202500
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071 (fax)
fedserv@icklaw.com

**ATTORNEY FOR PLAINTIFFS HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC. AND FOR COUNTERCLAIM-DEFENDANTS HITACHI, LTD., HITACHI CONSUMER ELECTRONICS CO., LTD., HITACHI ADVANCED DIGITAL, INC., HITACHI AMERICA, LTD., and HITACHI HOME ELECTRONICS (AMERICA), INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing document was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on July 3, 2012.

*/s/ Jeffrey B. Plies*_____
Jeffrey B. Plies

- 21 -