# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC. <br><br> Plaintiff, <br><br> v. <br><br> TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC., <br><br> Defendants; <br><br> and <br><br> VIZIO, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> HITACHI, LTD., HITACHI CONSUMER ELECTRONICS CO., LTD., HITACHI ADVANCED DIGITAL, INC., HITACHI AMERICA, LTD., and HITACHI HOME ELECTRONICS (AMERICA), INC. <br><br> Counterclaim-Defendants, | CIVIL ACTION NO. 2:10-CV-260-JRG <br><br><br> **JURY** |

**HITACHI CONSUMER ELECTRONICS CO., LTD. AND HITACHI
ADVANCED DIGITAL, INC.'S ANSWER TO TPV
DEFENDANTS' COUNTERCLAIMS DATED JUNE 22, 2012**

Plaintiffs, Hitachi Consumer Electronics Co., Ltd. ("HCE") and Hitachi Advanced Digital, Inc. ("HAD") (collectively, "Plaintiffs"), submit their Answer to the Counterclaims filed by Defendants TPV International (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Taiwan) Co., Ltd.; Top Victory Electronics (Fujian) Co., Ltd.; TPV Electronics (Fujian) Co., Ltd.; and TPV Technology, Ltd. (collectively, "TPV") in their Answer, Affirmative Defenses, and Counterclaims of June 22, 2012 to Plaintiffs' First Amended Complaint [Doc. 111] (hereafter "Answer" or "Counterclaims").

## TPV'S AFFIRMATIVE DEFENSES

98. HCE and HAD deny the allegations in Paragraph 98 of TPV's Answer.

99. HCE and HAD deny the allegations in Paragraph 99 of TPV's Answer.

100. HCE and HAD deny the allegations in Paragraph 100 of TPV's Answer.

101. HCE and HAD deny the allegations in Paragraph 101 of TPV's Answer.

102. HCE and HAD deny the allegations in Paragraph 102 of TPV's Answer.

103. HCE and HAD deny the allegations in Paragraph 103 of TPV's Answer.

104. HCE and HAD deny the allegations in Paragraph 104 of TPV's Answer.

## TPV'S COUNTERCLAIMS

### THE PARTIES

105. Upon information and belief, HCE and HAD admit the allegations in Paragraph 105 of TPV's Counterclaims.

106. Upon information and belief, HCE and HAD admit the allegations in Paragraph 106 of TPV's Counterclaims.

107. Upon information and belief, HCE and HAD admit the allegations in Paragraph 107 of TPV's Counterclaims.

108. Upon information and belief, HCE and HAD admit the allegations in Paragraph 108 of TPV's Counterclaims.

109. Upon information and belief, HCE and HAD admit the allegations in Paragraph 109 of TPV's Counterclaims.

110. Upon information and belief, HCE and HAD admit the allegations in Paragraph 110 of TPV's Counterclaims.

111. HCE and HAD admit the allegations in Paragraph 111 of TPV's Counterclaims.

112. HCE and HAD admit the allegations in Paragraph 112 of TPV's Counterclaims.

**JURISDICTION AND VENUE**

113. With respect to Paragraph 113 of TPV's Counterclaims, HCE and HAD admit that TPV purports to bring counterclaims under the Declaratory Judgment Act and the U.S. patent laws.

114. With respect to Paragraph 114 of TPV's Counterclaims, HCE and HAD admit that a justiciable controversy exists and that the Court possesses subject matter jurisdiction over TPV's counterclaims.   Any remaining allegations are denied.

115. Admitted.

116. With respect to Paragraph 116 of TPV's Counterclaims, HCE and HAD admit that venue is proper in the Eastern District of Texas.   HCE and HAD deny any other allegation implied in Paragraph 116.

## COUNTERCLAIM I
### Declaratory Judgment of Non-Infringement of the '497 Patent

117. With respect to Paragraph 117 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-116 above.

118. With respect to Paragraph 118 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 102.

119. Denied.

## COUNTERCLAIM II
### Declaratory Judgment of Invalidity of the '497 Patent

120. With respect to Paragraph 120 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-119 above.

121. With respect to Paragraph 121 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 121.

122. Denied.

## COUNTERCLAIM III
### Declaratory Judgment of Non-Infringement of the '934 Patent

123. With respect to Paragraph 123 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-122 above.

124. With respect to Paragraph 124 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 124.

125. Denied.

## COUNTERCLAIM IV
### Declaratory Judgment of Invalidity of the '934 Patent

126. With respect to Paragraph 126 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-106 above.

127. With respect to Paragraph 127 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 127.

128. Denied.

## COUNTERCLAIM V
### Declaratory Judgment of Non-Infringement of the '995 Patent

129. With respect to Paragraph 129 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-129 above.

130. With respect to Paragraph 130 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 130.

131. Denied.

## COUNTERCLAIM VI
### Declaratory Judgment of Invalidity of the '995 Patent

132. With respect to Paragraph 132 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-131 above.

133. With respect to Paragraph 133 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 133.

134.   Denied.

## COUNTERCLAIM VII
### Declaratory Judgment of Non-Infringement of the '713 Patent

135.   With respect to Paragraph 135 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-134 above.

136.   With respect to Paragraph 136 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists.  HCE and HAD deny any other allegation implied in Paragraph 136.

137.   Denied.

## COUNTERCLAIM VIII
### Declaratory Judgment of Invalidity of the '713 Patent

138.   With respect to Paragraph 138 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-137 above.

139.   With respect to Paragraph 139 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists.  HCE and HAD deny any other allegation implied in Paragraph 139.

140.   Denied.

## COUNTERCLAIM IX
### Declaratory Judgment of Non-Infringement of the '243 Patent

141.   With respect to Paragraph 141 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-140 above.

142. With respect to Paragraph 142 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 142.

143. Denied.

## COUNTERCLAIM X
### Declaratory Judgment of Invalidity of the '243 Patent

144. With respect to Paragraph 144 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-143 above.

145. With respect to Paragraph 145 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 145.

146. Denied.

## COUNTERCLAIM XI
### Declaratory Judgment of Non-Infringement of the '769 Patent

147. With respect to Paragraph 147 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-146 above.

148. With respect to Paragraph 148 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 148.

149. Denied.

## COUNTERCLAIM XII
### Declaratory Judgment of Invalidity of the '769 Patent

150. With respect to Paragraph 150 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-149 above.

151.    With respect to Paragraph 151 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists.  HCE and HAD deny any other allegation implied in Paragraph 151.

152.    Denied.

## COUNTERCLAIM XIII
### Declaratory Judgment of Non-Infringement of the '310 Patent

153.    With respect to Paragraph 153 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-152 above.

154.    With respect to Paragraph 154 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists.  HCE and HAD deny any other allegation implied in Paragraph 154.

155.    Denied.

## COUNTERCLAIM XIV
### Declaratory Judgment of Invalidity of the '310 Patent

156.    With respect to Paragraph 156 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-155 above.

157.    With respect to Paragraph 157 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists.  HCE and HAD deny any other allegation implied in Paragraph 157.

158.    Denied.

## COUNTERCLAIM XV
### Declaratory Judgment of Non-Infringement of the '412 Patent

159. With respect to Paragraph 159 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-158 above.

160. With respect to Paragraph 160 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 160.

161. Denied.

## COUNTERCLAIM XVI
### Declaratory Judgment of Invalidity of the '412 Patent

162. With respect to Paragraph 162 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-161 above.

163. With respect to Paragraph 163 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 163.

164. Denied.

## COUNTERCLAIM XVII
### Declaratory Judgment of Non-Infringement of the '281 Patent

165. With respect to Paragraph 165 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-164 above.

166. With respect to Paragraph 166 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 166.

167. Denied.

## COUNTERCLAIM XVIII
### Declaratory Judgment of Invalidity of the '281 Patent

168. With respect to Paragraph 168 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-167 above.

169. With respect to Paragraph 169 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 169.

170. Denied.

### COUNTERCLAIM XIX
### Declaratory Judgment of Non-Infringement of the '375 Patent

171. With respect to Paragraph 171 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-170 above.

172. With respect to Paragraph 172 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 172.

173. Denied.

### COUNTERCLAIM XX
### Declaratory Judgment of Invalidity of the '375 Patent

174. With respect to Paragraph 173 of TPV's Counterclaims, HCE and HAD incorporate here their responses to Paragraphs 98-173 above.

175. With respect to Paragraph 175 of TPV's Counterclaims, HCE and HAD admit that an actual controversy exists. HCE and HAD deny any other allegation implied in Paragraph 175.

176. Denied.

## DEMAND FOR JURY TRIAL

177. HCE and HAD admit that TPV has requested a jury trial.

## PRAYER FOR RELIEF

HCE and HAD pray for judgment against TPV as follows:

A. Entry of judgment in favor of HCE and HAD and against TPV on Plaintiffs' Amended Complaint, and an award of the relief sought in their Amended Complaint;

B. Dismissal of TPV's Counterclaims against HCE and HAD with prejudice;

C. Entry of Judgment in favor of HCE and HAD on TPV's Counterclaims;

D. An award HCE and HAD's attorneys fees, costs, and expenses; and

E. Such other, further, or different relief as this Court may deem just and proper.

DATED: July 3, 2012

Respectfully submitted,

*/s/ Jeffrey B. Plies*
Martin J. Black - **LEAD ATTORNEY**
martin.black@dechert.com
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Jeffrey B. Plies
jeffrey.plies@dechert.com
Stephen Dartt
Stephen.dartt@dechert.com
DECHERT LLP
300 W. 6th Street
Suite 2010
Austin, TX 78701
(512) 394-3000

>Otis W. Carroll
>Tex. Bar No. 03895700
>Patrick Kelley
>Tex. Bar No. 11202500
>IRELAND, CARROLL & KELLEY, P.C.
>6101 South Broadway, Suite 500
>Tyler, TX 75703
>(903) 561-1600
>(903) 581-1071 (fax)
>fedserv@icklaw.com
>
>**ATTORNEY FOR PLAINTIFFS HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC. AND FOR COUNTERCLAIM-DEFENDANTS HITACHI, LTD., HITACHI CONSUMER ELECTRONICS CO., LTD., HITACHI ADVANCED DIGITAL, INC., HITACHI AMERICA, LTD., and HITACHI HOME ELECTRONICS (AMERICA), INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing document was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on July 3, 2012.

>*/s/ Jeffrey B. Plies*
>Jeffrey B. Plies