# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOP VICTORY ELECTRONICS (TAIWAN)CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC., <br><br> Defendants | CIVIL ACTION NO. 2:10-CV-260-JRG <br><br><br> JURY |

**HITACHI'S REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE CERTAIN WITNESSES FROM DEFENDANTS' TRIAL WITNESS LIST**

I.   INTRODUCTION

Defendants' untimely disclosure of Raymond Rodgriguez, Jerrold Heller, and Scott Lery's proposed topics for trial testimony violates both the letter and the spirit of the Court's Discovery Order, which requires a "fair summary of the substance of the information known by" any witness disclosed, and that the parties "supplement or correct [their] disclosures **immediately**" upon learning that the disclosure was incomplete or inaccurate. Discovery Order, Dkt. No. 86, ¶¶ 1(d), 8. The purpose of such disclosures is to give opposing parties fair notice as to whom a party may rely upon to support its case, so that the opponent may prepare its rebuttal case accordingly. Defendants' failure to timely and fairly disclose these witnesses has deprived Hitachi of this opportunity.

Rather than address the substance of Hitachi's motion, Defendants claim that the parties agreed to allow last minute depositions of late-disclosed witnesses. This is false. The parties were negotiating about *corporate representatives*, not third-party witnesses. More importantly, as Defendants admit, Hitachi never accepted Defendants' proposal.

It is plainly insufficient to merely identify a witness as having knowledge of "prior art" and then point to a list of prior art references that includes 310 U.S. Patents, 171 foreign patents, and 190 other publications. Defendants concede as much by supplementing their disclosures on the eve of trial. But Defendants offer no excuse whatsoever for the last minute disclosure, and no reason for the Court to permit these witnesses to testify and cause severe prejudice to Hitachi.

II.   FACTUAL BACKGROUND

Defendants do not dispute that, prior to February 2013, they had not disclosed that Rodriguez or Lery would testify about the particular prior art references they now intend to rely upon at trial, or that prior to February, they had not disclosed Heller as a potential witness at all.

1

Even now, Defendants still have not provided contact information for these witnesses, which calls into question whether they have contacted these individuals at all.

On August 3, 2012, Defendants served their Invalidity Contentions, which identified over 650 purported prior art references in addition to DigiCipher and Sigma 2000.  *See* Opp'n Ex. B.

Defendants originally identified Lery only as a witness (*i.e.*, inventor) regarding Vizio's '629 counterclaim patent.  In September 2012, in view of Vizio's disclosures and "in light of the proposed stipulation to drop the '629 patent from the case," Hitachi took Lery's deposition off calendar.  *See* Ex. 1.  Although Defendants intended to rely upon Lery's testimony with respect to prior art, they never disclosed this fact.

In October 2012, the parties met and conferred regarding the witnesses the parties would bring to trial.  To address the possibility of changes in corporate representatives, Hitachi suggested that the parties agree any later-disclosed corporate witness could be deposed before trial.  *See e.g.*, Ex. 2.  The parties never reached an agreement on this subject.  As Defendants admit, they made a new proposal, to which Hitachi did not respond.  *See* Opp'n at 3-4.  It is basic contract doctrine that a counteroffer is a rejection, and a failure to respond to an offer is not an acceptance.  More importantly, at no time did Hitachi agree to waive (nor could it) Defendants' Discovery Order obligation to fairly disclose <u>fact witnesses</u> having information pertinent to Defendants' case.  Thus, Defendants' obligations to supplement their disclosures immediately, as required in the Discovery Order and the Federal Rules of Civil Procedure, remained in place.

### III. DEFENDANTS HAVE NOT SATISFIED THEIR DISCLOSURE OBLIGATIONS

By supplementing their disclosures to with respect to Lery, Heller, and Rodriguez, Defendants concede that their original disclosures were insufficient.  Defendants have the burden of showing that their failure to supplement in a timely manner was either justified or harmless.

*See, e.g., McGuire v. Cirrus Design*, No. 1:07-cv-683, 2009 WL 383543, *2 (E.D. Tex. Feb. 13, 2009). They have shown neither.

Defendants argue that Hitachi should have known that these witnesses had knowledge of the Sigma 2000 and DigiCipher references based on Defendants' Invalidity Contentions. In their Contentions, however, Defendants stated that the "the actual dates, circumstances, and identities of the individuals will be the subject of third party discovery during this lawsuit," and that the individuals' "activities will be the subject of the depositions. . . ." Opp. Ex. A at 6-7. These contentions do not satisfy Defendants' discovery obligations. *See, e.g., Kullman v. New York*, No. 07-cv-716, 2009 WL 1562840, at * 6 (N.D.N.Y. May 20, 2009) (identifying witness as a possible deponent does not satisfy Rule 26). This is distinguishable from *Huffman v. City of Conroe, Texas*, No. H-07-1964, 2008 U.S. Dist. LEXIS 74311 (S.D. Tex. Sept. 26, 2008), on which Defendants rely. In that case, the record showed that moving party clearly knew about the witness's specific knowledge. *Id.* at *5 & n.3.[1] Even if Defendants could rely on the Contentions, the disclosure would be inadequate. Hitachi had no way of knowing which of the thousands of inventors and authors identified in the Contentions would be offered at trial, or on which subjects. Thus, Hitachi had no way of preparing a rebuttal or identifying important deponents, especially given the limits to deposition hours set forth in the Discovery Order.

Moreover, even if Defendants were not required to supplement their disclosures under Rule 26, which Hitachi disputes, "this argument does not account for the Court's own Discovery Order which states that parties are under a duty to supplement or correct its disclosures

---

[1] In *Huffman*, the failure to identify the witness was the result of a clerical error, and was corrected before the parties' deadline for dispositive motions, well in advance of trial. 2008 U.S. Dist. LEXIS 74311 at *4, 6. Here, Defendants simply assert that they were not required to

immediately. . . .'" *Sky Techs LLC v. SAP AG*, No. 2:06-cv-440, 2010 U.S. Dist. LEXIS 143204, *7-8 (E.D. Tex. Aug. 3, 2010). Defendants simply ignore the Court's Order.

**Lery:** Vizio's original disclosure of Scott Lery was only as a witness with knowledge of Vizio's '629 Patent. This characterization is actively misleading given that Defendants now seek to use him for the entirely different purpose of invalidating Hitachi's patents. Additionally, Defendants remained silent when Hitachi canceled Lery's deposition after the '629 patent was withdrawn from the case. Defendants rely on a disclaimer that Vizio reserved the right to offer Lery's testimony "concerning other subjects." Opp'n at 5. If this were sufficient, the disclosure requirements of the Discovery Order and the Federal Rules would be completely meaningless.

**Rodriguez:** Defendants' only disclosure of Rodriguez prior to February 2013 was as someone knowledgeable about prior art. This is the same disclosure Defendants provided for **twenty-three** other witnesses, and was far from sufficient to put Hitachi on notice that (a) Defendants intended to call Rodriguez at trial, (b) that he is purportedly knowledgeable about the Sigma 2000 reference, or (c) that his knowledge was pertinent to the Hitachi '497 patent. *See, e.g., Sender v. Mann*, 225 F.R.D. 645, 653 (D. Colo. 2004). Moreover, Defendants still have not provided an address or contact information for Rodriguez, which suggests they have not contacted him and leads an objective reader to doubt that he is likely to be called to trial.

**Heller:** Defendants only prior disclosure of Heller was that he was named in their Invalidity Contentions, along with the authors and inventors of hundreds of other references. But Defendants never deposed Heller, as they suggested they would in their Contentions. Even now, Defendants still have not provided the required contact information for Heller. In fact, although

---

supplement their disclosures, and provide no explanation whatsoever for why they waited until days before trial witness lists were due to supplement.

Defendants say they "may call" Heller at trial, it remains unclear if they have even been in touch with him themselves.

### IV. HITACHI WOULD BE PREJUDICED IF LERY, RODRIGUEZ, OR HELLER IS PERMITTED TO TESTIFY

If the Court permits Lery, Rodriguez, or Heller to testify, Hitachi will be severely prejudiced. Given the short amount of time remaining before trial, even taking these witnesses' depositions would not cure the prejudice. Hitachi still would not have time to identify and prepare its own countervailing witnesses in rebuttal. Defendants rely on *Ins. Distributors Int'l (Bermuda) Ltd. v. Edgewater Consulting Group, Ltd.*, No. 08-ca-767, 2010 U.S. Dist. LEXIS 11544 (W.D. Tex. Feb. 10, 2010), but the facts were different there. In that case, the late disclosure was excused because the disclosing party did not know the witnesses' knowledge sooner, which Defendants do not contend is the case here.

The prejudice to Hitachi is not the result of Hitachi's own conduct. First, Hitachi reasonably relied on Defendants' disclosures. Defendants have the burden of proving prior use or publication of the claimed inventions, but they never disclosed these witnesses, even after Hitachi pointed out in November that Defendants had not yet identified or produced any third party to testify regarding the disclosure of alleged prior art. *See* Ex. 3. Moreover, by the time Defendants disclosed these witnesses in February, the parties were already in the throes of trial preparation. With all of the pretrial requirements, in addition to preparing for the trial itself, it was unreasonable to expect Hitachi to prepare for and take several depositions and then also search for and disclose rebuttal evidence and witnesses of its own.

### V. CONCLUSION

For the reasons set forth herein and in Hitachi's moving papers, the Court should grant the motion and preclude Lery, Heller, and Rodriguez from testifying at trial.

5

Respectfully submitted,

Dated: March 14, 2013 /s/ Jeffrey B. Plies
Martin J. Black
martin.black@dechert.com
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Jeffrey B. Plies (State Bar No. 24027621)
Jeff.Plies@dechert.com
Stephen R. Dartt (State Bar No. 24042370)
Stephen.Dartt@dechert.com
DECHERT LLP
300 W. 6th Street
Suite 2010
Austin, TX 78701
(512) 394-3000

*Attorneys for Plaintiffs Hitachi Consumer Electronics Co., Ltd. and Hitachi Advanced Digital, Inc.*

**OF COUNSEL:**
Otis W. Carroll
Texas Bar No. 03895700
Patrick Kelley
Texas Bar No. 11202500
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071 (fax)
nancy@icklaw.com
patkelley@icklaw.com

6

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served a copy of this document via the Court's CM/ECF system per Local Rule CV-05(a)(3) on this 14th day of March, 2013.  Any other counsel of record will be served by first class mail.

*/s/Jeffrey B. Plies*
Jeffrey B. Plies

14842111