IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD., and HITACHI ADVANCED DIGITAL, INC., | |
| Plaintiff, | CIVIL ACTION NO. 2:10-CV-260-JRG |
| v. | |
| TOP VICTORY ELECTRONICS (TAIWAN)CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., and VIZIO, INC., | JURY |
| Defendants; | |

**HITACHI'S MOTION TO SEVER AND STAY LITIGATION OF CERTAIN PATENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 21**

## I.     INTRODUCTION

Plaintiffs Hitachi Consumer Electronics Co., Ltd. and Hitachi Advanced Digital, Inc. (collectively "Hitachi") respectfully move the Court to sever and stay litigation of Hitachi's claims for infringement of United States Patent Nos. 6,037,995, 6,388,713, 6,144,412, 7,889,281, and 7,012,769 ("Subject Patents").[1]  In view of the 13 hours-per-side time constraint set by this Court for trial, Hitachi seeks to reduce the number of patents at issue to a manageable number that can reasonably be presented in those 13 hours.  At the same time, Hitachi desires to preserve its ability to litigate these distinct infringement counts on the merits at a future date.  Hitachi therefore requests that the Court sever and stay all claims, defenses, and counterclaims related to the Subject Patents pursuant to Rule 21 of the Federal Rules of Civil Procedure.  In the alternative, Hitachi requests that the Court sever the Subject Patents into a new case, and then dismiss that action pursuant to FRCP 41(a)(2).

Severing the case would provide a significant benefit to the jury, the Court, and the parties, while imposing no undue prejudice against TPV.  All of TPV's affirmative defenses and counterclaims would be preserved if the Court severs the Subject Patents, and Hitachi would gain no unfair legal advantage.

## II.     APPLICABLE LAW

Federal Rule of Civil Procedure 21 provides that the court may "sever any claim against a party."  As this Court has previously noted, "'[t]he district court has broad discretion in deciding whether to sever.'"  *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90, 2012 U.S. Dist. LEXIS 31456, *8 (E.D. Tex. Mar. 8, 2012) (quoting *Anderson v. Red River Waterway Comm'n*, 231

---

[1] Hitachi has previously communicated to the Defendants that it would be withdrawing the '713 and '995 patents as part of the present action; however, the manner of removal of these patents from the present case has not yet been determined or ruled upon.

F.3d 211, 214 (5th Cir. 2000)).  "As long as there is a discrete and separate claim, the district

court may exercise its discretion and sever it."  *Texas Inst., Inc. v. Linear Tech. Corp.*, No. 2:01-

CV-004-DF, 2002 WL 34438843 at *2 (E.D. Tex. Jan. 15, 2002).  Here, the claims Hitachi seeks

to sever are separate and distinct from each other as well as from the claims that will be tried

since each Subject Patent is a separate and distinct count in Hitachi's complaint.  D.I. 93.  *See*

*also Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996) ("Each patent

asserted raises an independent and distinct cause of action.").

## III.   ARGUMENT

### A.     The Court Should Sever And Stay Litigation Of The Subject Patents

Hitachi respectfully urges the Court to sever and stay litigation of Hitachi's claims for

infringement of the Subject Patents, and TPV's defenses and counterclaims relating to those

patents.  Over the course of this suit, Hitachi has worked diligently and in good faith to narrow

the scope of its case against TPV from over 80 claims in 10 patents to only 16 claims from 9

patents.  Nevertheless, Hitachi cannot reasonably present all of its remaining patents and claims

in the 13 hours the Court has allotted each party.

Severing litigation of the Subject Patents will allow Hitachi to present a narrowly-focused

and less complex case to the jury and the Court during trial, without requiring Hitachi to forego

its rights to relief against TPV for its infringement of the five Subject Patents, three of which are

completely unrelated to the patents Hitachi intends to pursue at trial.  As the parties have

tentatively agreed to a stipulated judgment of non-infringement of claim 32 of the '375 patent,

granting Hitachi's motion would effectively reduce the number of patents asserted at trial to only

four, and would reduce the number of claims to nine, making the entire trial more efficient for all

involved.

Severing and staying litigation of selected patents or patent claims is a common practice in this district, and is well within the Court's authority.  *See, e.g.*, *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:08-cv-448, 2010 U.S. Dist. LEXIS 136452, *6 (E.D. Tex. Oct. 10, 2010) (Folsom, J.) (the Court's "usual practice is that non-elected claims can be severed and asserted in a later action, if necessary"); *Personalized Media Comm'ns LLC v. Motorola, Inc.*, No. 2:08-cv-70, Dkt No. 260 (E.D. Tex. Aug. 15, 2011) (Everingham, M.J.) (granting motion to stay litigation of previously-asserted claims).

There is no risk of undue prejudice to Defendants if the Court grants this motion. Following the conclusion of trial in this matter, all that would remain with respect to the Subject Patents would be trial.[2]  All of the defenses Defendants have raised would still be available, as would all of the evidence and expert opinions Defendants have obtained.  No additional discovery or motion practice would be necessary.  *Samsung Elecs. Co. v. Texas Instruments*, No. 3:96-CV-0001, 1996 U.S. Dist. LEXIS 16706, *9 (N.D. Tex. July 22, 1996) (discovery conducted thus far could be used in second patent infringement suit).  The Court's *Markman* ruling would also bind both parties.  In short, all of the pretrial work the parties have done to date could be used in the severed suit over the Subject Patents, and the case could proceed to trial as soon as the Court's calendar would permit, if necessary.  To the extent the verdict in this case might affect issues to be tried in the second case – for example, a finding with respect to the '243 patent could impact the related '281 patent, or a finding with respect to the '310 patent could

---

[2] Hitachi concedes that in a subsequent trial, Hitachi would be limited to asserting only the claims of the Subject Patents that are currently asserted in the 2:10-cv-260 case, which are as follows: (1) '281 Patent, claim 9; (2) '412 Patent, claims 11 and 18; (3) '769 Patent, claim 9; (4) '713 Patent, claims 3 and 6; and (5) '995 Patent, claim 1.

impact the related '769 patent – Defendants would be free to assert that collateral estoppel (issue preclusion) precludes a different outcome in the second trial.

Nor would a second trial present significant additional costs to Defendants.  Hitachi has maintained that trial of all of its asserted patents would require more than the thirteen hours the Court has allotted.  Had the Court granted Hitachi's request for additional trial time in this case, the present trial would have lasted longer, and would have cost Defendants more.  Thus, severing the Subject Patents to be tried in a second trial would add only modest incremental cost compared to if the Court had permitted Hitachi additional time to try all the patents here.

### B.     Alternatively, The Court Should Sever and Dismiss Litigation of the Subject Patents Pursuant to Federal Rule of Civil Procedure 41(a)(2)

If the Court is not inclined to sever and stay the Subject Patents until such time as they can be tried pursuant to the Court's availability, Hitachi alternatively requests that the Court sever the Subject Patents into a new action under FRCP 21, and then dismiss that action pursuant to FRCP 41(a)(2).

"Severance under Rule 21 creates *two separate actions* or suits where previously there was but one.  Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other."  *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) (emphasis added).

The new severed action containing the Subject Patents may then be dismissed pursuant to FRCP 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  District Court rulings under Rule 41(a)(2) are reviewed only for an abuse of discretion.  *See, e.g.*, *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 249 (5th Cir. 2006).  Further, Rule 41(a)(2) explicitly provides that,

4

"[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Therefore, the rule explicitly permits the Court to specify that the dismissal is without prejudice

as well as permits the Court to remain silent on the issue.

"Under Rule 41(a)(2), a motion for voluntary dismissal should be granted 'unless the

non-moving party will suffer some plain legal prejudice other than the mere prospect of a second

lawsuit.'" *Research in Motion Ltd. v. Visto Corp.*, 457 F. Supp. 2d 708, 715 (N.D. Tex. 2006)

(quoting *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)).  Under Fifth Circuit

law, "plain prejudice is apparent when the defendant is stripped of a potential defense or when

the second forum will apply different law unfavorable to the defendant's position." *McGee v.*

*Arkel Int'l*, 716 F. Supp. 2d 572, 582 (S.D. Tex. 2010).

Here, there is no prejudice to Defendants for the reasons set forth above in the previous

section. More particularly, the parties will apply the same claim construction that has been

determined by the court, the parties may use all the factual and expert evidence that has already

been developed, and the Defendants may assert all their remaining defenses and counterclaims

against the Subject Patents.  In other words, the parties' activities to date will not have been

wasted or misspent.  *See, e.g.*, *Research in Motion*, 457 F. Supp. 2d at 715 (defendant will not

suffer prejudice if plaintiff's infringement claims are dismissed and plaintiff refiles); *McGee*, 716

F. Supp. 2d. at 581; *see also, United States ex rel. Tompkins v. Adham*, No. 12-cv-1904, 2012

U.S. Dist. LEXIS 180349 (N.D. Tex. Dec. 20, 2012) (granting dismissal without prejudice over

defendants' objections); *Samsung Elecs. Co.*, 1996 U.S. Dist. LEXIS 16706 at *9-11 (same). At

the same time, severance and dismissal without prejudice equitably protects Hitachi by not

requiring Hitachi to forever drop meritorious infringement counts that it has against TPV simply

because the time constraints of trial impose a practical barrier as to what can be presented to a single jury in a single trial.

During the discussion of Rule 41(a)(2) at the April 1 hearing, Defendants directed the Court to *Jewelers Vigilance Committee, Inc. v. Vitale Inc.*, No. 90-cv-1476, 1997 WL 582823 (S.D.N.Y. Sept. 19, 1997).  That case is distinguishable in several critical ways: (1) the court there had already ruled that the claims at issue in the plaintiff's Rule 41(a)(2) motion were moot; *id.* at *2;  (2) unlike Hitachi, which has litigated in good faith, the plaintiff in *Jewelers Vigilance* continued to litigate and drive up costs for years after the claims at issue became moot; *id.* at *3; and (3) the defendants in *Jewelers Vigilance* offered to consent to a voluntary dismissal much earlier in the litigation, which TPV has not done.

## IV.    CONCLUSION

For the reasons set forth herein, Hitachi respectfully requests that the Court sever and stay litigation of Hitachi's claims for infringement of United States Patent Nos. 6,037,995, 6,388,713, 6,144,412, 7,889,281, and 7,012,769, and TPV's defenses and counterclaims regarding those patents.  Alternatively, Hitachi requests that the Subject Patents be severed into a new action that is then dismissed without prejudice pursuant to Rule 41(a)(2).

Respectfully submitted,


Dated:  April 2, 2013                         */s/ Jeffrey B. Plies*
                                              Martin J. Black
                                              martin.black@dechert.com
                                              Dechert LLP
                                              Cira Centre
                                              2929 Arch Street
                                              Philadelphia, PA 19104
                                              (215) 994-4000

                                              Jeffrey B. Plies (State Bar No. 24027621)
                                              Jeff.Plies@dechert.com
                                              Stephen R. Dartt (State Bar No. 24042370)
                                              Stephen.Dartt@dechert.com
                                              DECHERT LLP
                                              300 W. 6th Street
                                              Suite 2010
                                              Austin, TX 78701
                                              (512) 394-3000

                                              *Attorneys for Plaintiffs/Counterclaim-Defendants*
                                              *Hitachi Consumer Electronics Co., Ltd. and Hitachi*
                                              *Advanced Digital, Inc. and Counterclaim-*
                                              *Defendants Hitachi, Ltd., Hitachi America, Ltd. and*
                                              *Hitachi Home Electronics (America), Inc.*

**OF COUNSEL:**
Otis W. Carroll
Texas Bar No. 03895700
Patrick Kelley
Texas Bar No. 11202500
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071 (fax)
nancy@icklaw.com
patkelley@icklaw.com

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel for all parties consulted on April 2, 2013 by telephone in compliance with Local Rule CV-7(h), with Jeffrey Edwards, Sharon Gagliardi, and Teri Evans in attendance for Hitachi, and Mark Samuels in attendance for TPV.  The parties discussed Hitachi's desire to limit the scope of the trial by severing the Subject Patents, but reached an impasse.

*/s/Jeffrey B. Plies*
Jeffrey B. Plies

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 2, 2013.

*/s/ Jeffrey B. Plies*

Jeffrey B. Plies
